(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-072-CR

BRIAN KENSON JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Introduction

The question in this appeal is whether the trial court erred by signing nunc pro tunc orders to add an affirmative deadly weapon finding to a judgment four and a half years after it signed the original judgment, which recited “NONE” in the space for deadly weapon findings.  In a single issue, Appellant argues that the trial court erred by signing the orders nunc pro tunc because the trial court’s omission of an affirmative deadly weapon finding in the original judgment was a judicial decision and not a clerical error.  We agree, and we reverse the nunc pro tunc orders.

Background Facts

On May 25, 1999, a grand jury indicted Appellant in Cause No. 0726955A for the offense of attempting to commit capital murder of more than one person in the same transaction ”with a deadly weapon:  to-wit:  a firearm . . . .”  On August 6, 2001, he pleaded guilty to the offense of attempted capital murder in this cause and to charges of murder and attempted murder in two other causes not in issue here, pursuant to a plea agreement.  The plea agreement, signed by Appellant, his counsel, and the prosecutor, reflects that the State’s recommended sentence was “50 yrs IDTDCJ + conditions enumerated in 0724052” in each case, to run concurrently.
(footnote: 1)  The written Plea Admonishments in this cause, also signed by Appellant, his counsel, and the State, provide as follows, in pertinent part, with underlined blanks filled in by hand: 

[Y]ou are hereby admonished in writing: 

1.  You are charged with the felony offense of: 
Att. Capital Murder
 

2.  If convicted, you face the following range of punishment: 

X
 
FIRST DEGREE FELONY:
 a term of life or any term of not more than 99 years, nor less than five years . . . .

The written plea entered by Appellant in the record states,

I hereby, in open Court, enter my plea of 
guilty
 to the (allegations contained in the INDICTMENT/INFORMATION against me) (lesser included offense of 
 att. cap. murder). 
   

Appellant’s judicial confession in the record states,

I swear my true name is 
Brian Kenson Johnson
.  I further state that I have read the indictment or information filed in this case and that I committed each and every allegation it contains.  I am guilty of the offense alleged as well as all lesser included offenses.  I swear to all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth, and nothing but the truth, so help me God.

                      /s/                 

DEFENDANT

A reporter’s record of the hearing on Appellant’s plea of guilty in all three cases on August 6, 2001, has been filed in this court and reveals, as pertinent to the issue before us, that the trial court confirmed that Appellant had read the plea admonishments in each case and understood them and that the signature was his in each place where his name was signed.  The written plea admonishments and plea papers in each case were admitted into evidence.  The trial court then inquired,

THE COURT:  All right.  In Cause No. 0724052, to the charge of murder, you may plead guilty or not guilty.

THE DEFENDANT:  Guilty.

THE COURT:  Are you pleading guilty because you are guilty and for no other reason?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  In Cause No. 0723702, to the charge of attempted capital murder, you may plead guilty or not guilty.

THE DEFENDANT:  Guilty.

THE COURT:  Are you pleading guilty because you are guilty and for no other reason?

THE DEFENDANT:  Yes, sir.

THE COURT:  And in Cause No 0726955, to the charge of attempted capital murder, you may plead guilty or not guilty.

THE DEFENDANT:  Guilty.

THE COURT:  Are you pleading guilty because you are guilty and for no other reason? 

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  On your plea of guilty in each case, I’m going to find you guilty in each case.  I’m going to assess your punishment in each case to 50 years in the Institutional Division of the Texas Department of Criminal Justice.  You’re to truthfully  -- testify truthfully against your codefendants, testify at plea [sic], and furnish any communications between Defendant and other codefendants.  All of these will run concurrently.  Is that your understanding of the plea-bargain agreement?

THE DEFENDANT:  Yes, sir.

THE COURT:  And did you approve that?

THE DEFENDANT: Yes, sir.

THE COURT:  Is that your understanding, Counselor?

MR. GILFEATHER:  Yes, Your Honor.

THE COURT:  And did you approve that?

MR. GILFEATHER:  Yes, Your honor.  

The judgment form in this cause, Cause No. 0726955A, was signed on the same date as the hearing, recites that Appellant is convicted of “ATTEMPTED CAPITAL MURDER—MULTIPLE VICTIMS,” with an offense date of March 1, 1999,  and recites the terms of the plea bargain as “50 yrs IDTDCJ + CONDITIONS . . . .”  In the space for “Findings on Deadly Weapon,” the word “NONE” is typed in. 

Some four and a half years later, on January 23, 2006, the State filed a motion for judgment nunc pro tunc, alleging that the trial court had “inadvertently omitted” the affirmative deadly weapons finding and that Appellant had pleaded guilty to the offense including use of a deadly weapon and praying that the court correct the judgment by adding an affirmative deadly weapon finding. 

On February 13, 2006, the trial court signed a nunc pro tunc order stating that it had been “made known [to] and considered” by the court that the entry relating to a finding on use of a deadly weapon in the judgment was a clerical error and that the affirmative finding of a deadly weapon had been “inadvertently omitted” and ordering that the entry be amended to recite, “The Court affirmatively finds that the defendant used or exhibited a Deadly Weapon, to-wit: A firearm during the commission of the offense or during the immediate flight therefrom.”  

On February 14, 2006, the trial court entered a second nunc pro tunc order “correcting the minutes of the court,” amending the judgment to change the entry for “Findings on Deadly Weapon:” from “NONE” to “THE COURT AFFIRMATIVELY FINDS THAT THE DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, TO-WIT: A FIREARM DURING THE COMMISSION OF THE OFFENSE OR DURING THE IMMEDIATE FLIGHT THEREFROM
.” 

The trial court certified the case for appeal as involving an appealable order.  The trial court also ordered copies of both orders sent to the Institutional Division of the Texas Department of Criminal Justice. 

   
Deadly Weapon Findings

An affirmative finding of the use or exhibition of a deadly weapon may be made

when it is shown that a deadly weapon . . . was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited.  On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court.

Tex. Code Crim. Proc
. art. 42.12, § 3g(a)(2) (Vernon 2006).

Article 42.12 contemplates a two-step process.  First, the jury or trial court as trier of fact makes an express, affirmative finding of fact that the defendant used or exhibited a deadly weapon in the course of committing the offense charged or in immediate flight from the commission of the offense.  
Polk v. State
, 693 S.W.2d 391, 393 & n.1 (Tex. Crim. App. 1985). The term “affirmative finding” used in article 42.12 means an “express determination” by the finder of fact that a deadly weapon was used or exhibited in the commission of the offense or in immediate flight therefrom.  
Id
.

Second, when that affirmative finding is made by the trier of fact, it then becomes the mandatory duty of the trial court to enter a separate and specific deadly weapon finding in the judgment. 
 Id. 
at 394.
  
Because parole eligibility is determined on “flat time” alone without consideration of good time for a conviction where a deadly weapon has been used or exhibited, the statute was written to require entry of the finding in the judgment in order that the Texas Department of Criminal Justice could know from the judgment how to compute a defendant’s date for parole. 
 LaFleur v. State
, 106 S.W.3d 91, 94 (Tex. Crim. App. 2003) (citing 
Polk
, 693 S.W.2d at 394).
(footnote: 2)

When the trial court is the finder of fact, it has the authority to make an affirmative deadly weapon finding upon proper proof as well as to enter it in the judgment.  
Ex parte Franklin
, 757 S.W.2d 778, 780 (Tex Crim. App. 1988). 
  But no separate, express affirmative finding by the trial court is required in certain instances. 
See, e.g., Marshall v. State
, 860 S.W.2d 142, 143 (Tex. App.—Dallas 1993, no pet.) (holding no express finding required when, by properly admonishing a defendant and accepting his plea of guilty “to indictment” that charged use of a deadly weapon, trial court necessarily found defendant used a deadly weapon); 
see also Ex parte Empey
, 757 S.W.2d 771, 774 (Tex. Crim. App. 1988) (holding affirmative deadly weapon finding arose as matter of law when indictment charged defendant with use of deadly weapon and judge found defendant guilty as alleged in indictment).

Where the trial court is the finder of fact, it is discretionary with the court whether to make an affirmative deadly weapon finding in the first instance even when such a finding would be supported by the evidence
.
  See, e.g., 
 
Fanniel v. State, 
73 S.W.3d 557, 559-60 (Tex. App.—Houston [1st 
Dist.] 2002, no pet.) (holding trial court’s decision to make no affirmative deadly weapon finding after finding defendant guilty of possession of controlled substance enhanced by use of deadly weapon constituted judicial decision); 
Campos v. State, 
927 S.W.2d 232, 235 (Tex. App.—Waco 1996, no pet.) (holding trial court had discretion not to make affirmative finding after finding defendant guilty after bench trial but not “as alleged in the indictment” and thereafter orally stating from the bench that he made no deadly weapon finding; thus, later entry of affirmative finding in judgment was error).     

And even where the trial court, as trier of fact, has made an affirmative deadly weapon finding either expressly or as a matter of law, it nevertheless retains the discretion not to enter the deadly weapon finding in the judgment. 
 See, e.g., Hooks v. State
, 860 S.W.2d 110, 111 (Tex. Crim. App. 1993) (holding entry of affirmative finding not mandatory and, thus, probation valid although judge found defendant guilty of aggravated assault by threat with deadly weapon in bench trial); 
Dickson v. State
, 988 S.W.2d 261, 263 (Tex. App.—Texarkana 1998, pet. ref’d) (same, noting trial court had discretion not to enter deadly weapon finding even though use of deadly weapon was essential element of offense).

Nunc Pro Tunc Orders

Cases involving the issue of whether an affirmative finding of a deadly weapon should or should not have been made or entered in a judgment have been fertile ground for producing nunc pro tunc orders.  While we do not know what prompted the State’s epiphany in this case some four and a half years after conviction that Appellant’s judgment erroneously omitted a deadly weapon finding, the instigating factor was likely a communication from the Texas Department of Criminal Justice regarding Appellant’s time served for purposes of release on parole.  
See, e.g., Ex parte Empey
, 757 S.W.2d at 772 (noting State’s motion for judgment nunc pro tunc was response to letter from TDCJ inquiring as to absence of deadly weapon finding); 
Ex parte Dopps
, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986) (noting trial court, without notice or hearing, issued judgment nunc pro tunc adding affirmative deadly weapon finding to judgment rendered five years earlier upon learning petitioner was about to be released on parole); 
Polk
, 693 S.W.2d at 393 n.1 (noting TDCJ’s concern that it could not compute time without express finding in judgment as reason to specify requirement for “affirmative finding” by SB 152, now article 42.12, § 3g(a)(2)).

The purpose of a nunc pro tunc order is to correctly reflect in the records of the trial court the judgment it actually made but which, for some reason, did not enter of record at the proper time.  
Smith v. State
, 15 S.W.3d 294, 298 (Tex. App.—Dallas 2000, no pet.).  Use of a nunc pro tunc order permits the court “to correct now what the [judgment] reflects had already occurred at a time in the past.”
  Id
. (noting Latin phrase “nunc pro tunc” means “now for then” and describes inherent power of trial court to make its records speak the truth); 
Silva v. State
, 989 S.W.2d 64, 66 (Tex. App.—San Antonio 1998, pet. ref’d).  Therefore, before a judgment nunc pro tunc can be entered, there must be proof the proposed judgment was actually rendered or pronounced at an earlier time.  
Smith
, 15 S.W.3d at 299 (citing 
Jones v. State, 
795 S.W.2d 199, 201 (Tex. Crim. App. 1990)); 
Dickson
, 988 S.W.2d at 263.

A judgment nunc pro tunc is improper if it has the effect of making a new or independent order.  
Smith
, 15 S.W.3d at 299; 
see also Ex parte Dickerson
, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986).  A correction can be made to reflect what actually happened at trial by entry of a nunc pro tunc judgment, “but correction can be only as to what was done and not as to what should have been done.”  
Ex parte Dopps
, 723 S.W.2d at 671 (citing 
Chaney v. State
, 494 S.W.2 813, 814 n.1 (Tex. Crim. App. 1973)).

Additionally, it is well settled that a judgment nunc pro tunc may correct only clerical errors in a judgment, not judicial omissions or errors.  
State v. Gobel
, 988 S.W.2d 852, 853 (Tex. App.—Tyler 1999, no pet.).  A clerical error is one that does not result from judicial reasoning or determination.  
Smith, 
15 S.W.3d at 299 (citing 
State v. Bates
, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994)).  The “correction process” only involves a process to insure that the record truthfully reflects what actually occurred, not permit readjudication or the reopening of a controversy.  
Smith, 
15 S.W.3d at 299.  The determination of whether an error is judicial or clerical in nature is a question of law.  
Id. 

Application of Law to Facts

Appellant contends that any error in not making or entering an affirmative deadly weapon finding in the judgment was not a clerical error but the result of judicial reasoning so that the nunc pro tunc orders are void.  The State responds that Appellant had the burden to present a record showing reversible error and has failed to present a sufficient record on appeal to support his claim that a deadly weapon finding was not part of the plea bargain on which the judgment was based, citing 
Ex parte Empey
, in which the court of criminal appeals held that the burden of proving allegations entitling the defendant to relief was on the applicant.  757 S.W.2d at 775.

Ex parte Empey 
is not applicable here.  That case involved a petition for writ of habeas corpus.  The court of criminal appeals held that the petitioner had the burden of proving all allegations not denied by the State in a habeas proceeding. 
 Id.  
In contrast, this is a direct appeal from the judgment nunc pro tunc in which the State carried the burden on its own motion in the trial court.  
See Smith, 
15 S.W.3d at 298-99 (“[B]efore a judgment nunc pro tunc may be entered, there must be proof the proposed judgment was actually entered or pronounced at an earlier time”); 
see also Jones
, 795 S.W.2d at 201; 
Dickson, 
988 S.W.2d at 263.  Nowhere in the plea papers or the reporter’s record of the plea hearing is the term “deadly weapon” even mentioned.  The State has not pointed to an iota of proof from the plea hearing in 1999 nor any other evidence indicating that a deadly weapon finding was part of the plea bargain. 

But the State contends that Appellant’s judicial confession to the allegations of the indictment, which included the deadly weapon allegation, and the trial court’s acceptance of the “plea papers,” including Appellant’s judicial confession and written statement describing his exhibition of a pistol in the course of commission of the offense, shows the court’s intent to accept Appellant’s plea of guilty to the facts alleged in the plea papers, including use of a deadly weapon.   We disagree for two reasons.  First, the trial court did not “accept” the plea papers, which included Appellant’s judicial confession and written statement, as a plea of guilty.  Rather, the State offered them into evidence as exhibits and the trial court merely admitted them as State’s Exhibits 1 and 2.  We are not persuaded that simply by admitting those materials as evidence, the trial court showed any intent to find Appellant guilty as alleged in those materials.
  
That contention is not only unsupported, it is contrary to the record.  Second, the plea papers show no evidence of intent to find Appellant guilty of facts including use of a deadly weapon.  Appellant’s written plea of guilty is to the offense of “att. capital murder” only.  And there is no mention of use of a deadly weapon in the written plea, the judicial confession, or the written statement.

On this record, there is no evidence that a deadly weapon finding was part of the plea agreement, and the record is uncontroverted that it was not.  
Compare Ex parte Empey, 
757 S.W.2d at 775 (holding petition’s sworn allegations insufficient in habeas corpus proceeding to establish plea bargain agreement precluded deadly weapon finding), 
and Ex parte Griffin, 
679 S.W.2d 15, 17 (Tex. Crim. App. 1984) (upholding trial court’s conclusion that petitioner failed to prove his allegations as to terms of plea bargain where testimony of defense attorney and prosecutor conflicted),
 with Ex parte Dopps, 
723 S.W.2d at 670-71 (holding defendant established deadly weapon finding was never part of plea bargain agreement where there was no mention of such finding in original judgment,  minutes of court, transcript of plea bargain, waiver of rights, or stipulation of evidence signed by defendant, her counsel, and trial judge), 
and Ex parte Garcia
, 682 S.W.2d 581, 582 (Tex. Crim. App. 1985) (holding petitioner established plea bargain induced by promise of no deadly weapon finding by sworn allegations, affidavit of counsel, comments of judge during admonishments, lack of evidence to support finding, and failure of State to controvert petitioner’s allegations).   

The State nevertheless maintains the basic position that Appellant pleaded guilty—and the trial court accepted his plea—to the offense as charged in the indictment, including the charge of use of a deadly weapon.  Again, we disagree.  In his questioning of Appellant at the plea hearing, at no time did the trial court refer to the allegations of use of a deadly weapon in the indictment, nor did the trial court find Appellant guilty of the offense “as alleged” or “as charged” in the indictment.  The trial court expressly asked Appellant only to enter his plea of guilty or not guilty “in Cause No. 0726955, to the charge of attempted capital murder,” and further stated, “All right.  On your plea of guilty in each case, I’m going to find you guilty in each case.”  The trial court then had Appellant confirm that he understood his plea, the punishment, and his agreement to testify against his codefendants.

It is clear from the transcript of the plea hearing that the trial court made no oral affirmative finding that Appellant used or exhibited a deadly weapon and did not “necessarily find” Appellant used a deadly weapon by finding him guilty “as alleged in the indictment,” and there is no evidence he intended to do so.  Instead, the trial court merely found him guilty of the offense of “attempted capital murder” pursuant to the plea bargain agreement.  Therefore, the cases holding that a deadly weapon finding arises as a matter of law when the trier of fact finds a defendant guilty “as alleged in the indictment” are simply inapplicable.  
See Ex parte Empey
, 757 S.W.2d at 773 (holding nunc pro tunc entry of deadly weapon finding proper where trial court necessarily made affirmative finding by finding defendant “guilty as [alleged] in the second count of the indictment” that alleged use of a firearm); 
Marshall
, 860 S.W.2d at 143 (same); 
see also Alexander v. State
, 868 S.W.2d 356, 361 (Tex. App.— Dallas 1993, no pet.) (holding when defendant pleads guilty to indictment alleging use of deadly weapon, court need not pronounce separate affirmative deadly weapon finding but may simply enter finding in its written judgment).   

Therefore, the trial court could not properly sign a judgment nunc pro tunc making such a finding four and one-half years later and enter it in the judgment under the reasoning that it had “inadvertently” omitted to make and enter such a finding in the original judgment.  
See Ex parte Dopps, 
723 S.W.2d at 671 (holding, absent proof that deadly weapon finding was actually contemplated, rendered, or pronounced at an earlier time as part of plea agreement, trial court’s finding that deadly weapon finding would have been inserted in original judgment if omission had been noticed established judicial omission, not clerical error);
 see also Dickson
, 988 S.W.2d at 264 (holding judgment nunc pro tunc adding entry of deadly weapon finding would have improperly made new and independent judgment correcting discretionary, judicial omission where trial judge did not make finding in original judgment).     Moreover, any doubt as to the trial court’s original intent is removed by its express finding of “NONE” regarding affirmative deadly weapon findings in the original judgment.  The trial court’s express statement that no deadly weapon finding was made was within the trial court’s discretion and required judicial reasoning; thus, it could not be the result of a merely clerical error.

We hold that the nunc pro tunc orders amending the judgment by deleting “NONE” and substituting an affirmative finding that Appellant did use or exhibit a deadly weapon are not a correction of a clerical error in the original judgment but are an improper modification of a product of judicial reasoning and are, as a matter of law, void.  
See Fanniel, 
73 S.W.3d at 559-60 (holding, when original judgment made no deadly weapon finding, space for affirmative finding was marked “N/A,” and trial judge orally stated he made no finding, omission of finding of deadly weapon was judicial decision); 
Campos
, 927 S.W.2d at 235-36 (reforming judgment on appeal to “speak the truth” by deleting affirmative deadly weapon finding as erroneous where judge found defendant guilty and assessed punishment but expressly stated on record, “There is no deadly weapon finding”); 
see also Fisher v. State, 
No.
 
05-92-02601-CR
, 
1997 WL 206787, at *4 (Tex. App.—Dallas April 29, 1997, pet. ref’d) (not designated for publication) (holding refusal to make finding in original judgment was product of judicial reasoning and not clerical error when, although defendant admitted using deadly weapon, deadly weapon was essential element of offense, and judgment found defendant guilty of “Aggravated Assault/DW,” but trial court declined to make or enter deadly weapon finding, affirmatively stated “no findings,” and placed defendant on probation).  We sustain Appellant’s first issue.

Conclusion

We pause to point out that “[b]efore any unfavorable nunc pro tunc order[] [is] entered, the [defendant] should be given an opportunity to be present for the hearing, represented by counsel, in order to accord him due process of law.”  
Shaw v. State
, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976) (holding procedure requires hearing at which evidence must be adduced in presence of  defendant proving events in question actually occurred); 
accord Homan v. Hughes
, 708 S.W.2d 449, 454-55 (Tex. Crim. App. 1986) (holding entry of such an order “ex parte” violates defendant’s constitutional rights); 
see also Vallez v. State
, 21 S.W.3d 778, 782 (Tex. App.—San Antonio 2000, no pet.).  While Appellant’s counsel states that the order in this case was entered over his objection, he has not complained of the denial of a hearing.  The State has, in the alternative to affirmance, requested abatement for a hearing.  But we are convinced that the entry of the nunc pro tunc orders was error because the lack of a deadly weapon finding in this case was a product of judicial reasoning and not a clerical error as a matter of law; thus, abatement or remand for a hearing to determine how and why the trial court “inadvertently” omitted a deadly weapon finding and stated “NONE” in the space of the judgment for affirmative deadly weapon findings would be a “useless task.”  
See Homan
, 708 S.W.2d at 454-55 (concluding that ordering a hearing serves no purpose if outcome would not change).  

Accordingly, we reverse the trial court’s orders nunc pro tunc of February 13, 2006 and February 14, 2006, and order the affirmative deadly weapon finding stricken from the judgment.

ANNE GARDNER

JUSTICE

PANEL B:  LIVINGSTON, GARDNER, and MCCOY, JJ.

LIVINGSTON, J., filed a dissenting opinion.

PUBLISH

DELIVERED:
  July 12, 2007

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-072-CR

BRIAN KENSON JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST  DISTRICT COURT OF TARRANT COUNTY

------------

DISSENTING OPINION

------------

I disagree with the majority’s holdings that the trial court failed to make a deadly weapon finding and used judicial reasoning by inserting the word “NONE” in the judgment. 

The
 indictment states that appellant did “then and there, with the specific intent to commit the offense of capital murder . . . intentionally shoot Kendrick Green and Alonzo Primus with a deadly weapon, to-wit: a firearm.”  Based on the language in the indictment, appellant had notice that the State would seek an affirmative finding. 
 See
 
Ex parte Huskins
, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005).
  Further, when appellant signed the admonishment form and pled guilty to the offense, he confessed that (1) he was the same person named in the indictment and (2) that he committed the
 offense charged in the indictment
, which clearly stated that he did “intentionally shoot [the two victims] with a deadly weapon.”  
See
 
id.
  Again, the indictment specifically alleged the use of a “deadly weapon,” a firearm.  
Tex. Penal Code Ann.
 § 1.07(a)(17)(A) (Vernon 2006); 
Ex parte Huskins
, 176 S.W.3d at 820.  

By asking appellant at the August 6, 2001 plea hearing if he had signed page three of the plea admonishment form—which referred back to the indictment—by accepting appellant’s verbal guilty plea, and by stating, “On your plea of guilty in each case, I’m going to find you guilty in each case,” the trial court necessarily determined that appellant used a deadly weapon “by shooting” in the commission of the attempted capital murder offense.  
Ex parte Huskins
, 176 S.W.3d at 820
; cf. Polk v. State
, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985) (holding that an affirmative finding is de facto made when the defendant is found guilty as charged in the indictment).  Further, the trial court never indicated any reason 
not 
to find that a deadly weapon was used.  
Contra Fanniel v. State
, 73 S.W.3d 557, 559 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (where the trial court purposely omitted the deadly weapon finding so that defendant would be eligible for deferred adjudication).  

I also disagree with the majority that the trial court used judicial reasoning to insert the word “NONE” as its deadly weapon finding.  No judicial reasoning was necessary to see that appellant had notice of and pled guilty to attempted capital murder by shooting two people with a deadly weapon; this had already taken place in the 2001 plea proceeding.  
See id. 
 If the trial court had not believed that the “shooting” with a deadly weapon allegation was true, it would not have accepted appellant’s guilty plea. 
 

Here, the trial court made two deadly weapon findings—an affirmative finding by accepting appellant’s guilty plea and a negative finding in the judgment.  The trial court used judicial reasoning in making the affirmative finding, as appellant pled guilty to the offense as alleged in the indictment.  
See
 
Ex parte Huskins
, 176 S.W.3d at 820.  However, unlike the court in 
Fanniel
, the trial court here did not use judicial reasoning when making the negative deadly weapon finding in the judgment.  
See Fanniel
, 73 S.W.3d at 559.  Accordingly, the trial court’s error was clerical, and it justifiably entered a judgment nunc pro tunc which reflected a deadly weapon finding.  
See
 
Ex parte Huskins
, 176 S.W.3d at 820.  For the reasons set forth above, I respectfully dissent to the majority opinion and would affirm the trial court’s order.

TERRIE LIVINGSTON

JUSTICE

PUBLISH

DELIVERED:  July 12, 2007

FOOTNOTES
1:
The Plea Agreement in Cause No. 0724052 is not in the record, but the conditions referred to are not at issue in this appeal. 

2:
This issue implicates fundamental liberty interests.  
A deadly weapon finding does not alter the sentence that may be imposed but does affect a defendant’s eligibility for probation and parole.  
Ex parte Huskins
, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005).  If the judgment contains an affirmative deadly weapon finding under section 3g(a)(2) of article 42.12, a prisoner is not eligible for parole until his actual calendar time served, without consideration for good conduct time, equals one half of the sentence or thirty calendar years, whichever is less.  
Tex. Gov’t Code Ann
. § 508.145(d) (Vernon Supp. 2006). Thus, an improper deadly weapon finding will require Appellant to serve a substantially longer period than would be required without the finding.     

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by Justice Gardner Dissent by Justice Livingston