**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-20156
Summary Calendar

ARTHUR DOYLE RUTLEDGE,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3160

Before KING, STEWART and HAYNES, Circuit Judges.
PER CURIAM:[*]

In 1988, Arthur Doyle Rutledge, Texas prisoner # 480310, was convicted of murdering Woodrow Lewis by stabbing him with a deadly weapon and by choking him. Rutledge was sentenced to 60 years of imprisonment. After the Texas Court of Criminal Appeals denied Rutledge's state habeas petition challenging the denial of parole, Rutledge filed the instant 28 U.S.C. § 2254 petition to challenge the denial of parole in 1998, 2000, 2002, 2004, and, most

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recently, on September 7, 2006. The district court dismissed the petition as time barred. *See* 28 U.S.C. § 2244(d).

The instant petition, filed on August 30, 2007, is not time barred with respect to Rutledge's claim that his constitutional rights were violated when parole was denied on September 7, 2006. *See Goodwin v. Dretke*, 150 Fed. App'x 295, 299 (5th Cir. 2005).

Rutledge argues that as part of his plea agreement, the state agreed to drop the finding that he used a deadly weapon during the commission of the offense. He argues that the state breached his plea agreement when the parole board evaluated and denied his release on the basis of a weapons finding. He asserts that this action has postponed his eligibility date from 1994 to 1998.

Rutledge's allegation that his eligibility for parole was delayed based on a deadly weapon finding is factually incorrect. Rutledge became eligible for release on parole in 1994, six years after his conviction, just as he says he should have without a deadly weapon finding.

Nor is there merit to Rutledge's argument that the state was prohibited from using the deadly weapon aspect of his offense in denying him parole. By accepting Rutledge's plea of guilty of the offense charged in the indictment, the state trial court made a finding that Rutledge used a deadly weapon. *See Ex parte Empey,* 757 S.W. 2d 771, 774 (Tex. Crim. App. 1988). However, the state trial court did not exercise its discretion to enter an affirmative finding, as is necessary to trigger the provision delaying parole eligibility. *See Ex parte Brooks,* 722 S.W. 2d 140, 142 (Tex. Crim. App. 1986) (en banc); *Johnson v. State,* 233 S.W. 3d 420, 424-25 (Tex. App. 2007). So even if he had a plea agreement precluding the entry of an affirmative deadly weapon finding, *see Johnson,* 233 S.W. 3d at 427, the acceptance of his plea would still amount to an unentered finding of use of a deadly weapon. *See Ex parte Empey,* 757 S.W. 2d at 774. Contrary to the implication in Rutledge's argument, the lack of a deadly weapon finding on the judgment does not amount to a finding that he did not use one.

*See id.* Moreover, Rutledge does not indicate how his plea agreement would preclude the Texas Board of Pardons and Parole from looking at the facts of his offense even in the absence of the entry of a deadly weapon finding.

Since Rutledge has not shown a breach of the alleged plea agreement, he is essentially challenging Texas's parole review procedures. Because Texas prisoners have no constitutionally protected liberty interest in release on parole, *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995), Rutledge cannot challenge parole review procedures on procedural or substantive due process grounds, *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Accordingly, the district court's denial of Rutledge's § 2254 petition is AFFIRMED.

Rutledge's motion to file a supplemental reply brief is GRANTED. Rutledge's pleading entitled motion for summary judgment is actually a supplemental brief and requires no additional ruling from this court.