Judgment Nunc Pro Tunc Vacated, Original
Judgment Affirmed, and Majority and Dissenting Opinions filed December 7,
2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00332-CR



Christopher
Dante Loud, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 66th District Court

Hill County, Texas

Trial Court
Cause No. 34,448



MAJORITY  OPINION 

Appellant, Christopher Dante Loud, appeals from the
trial court’s judgment nunc pro tunc convicting him of aggravated assault with
a deadly weapon and affirmatively finding a deadly weapon was used during the
offense.  Because we conclude that the trial court corrected judicial errors
and omissions by making the changes at issue, we vacate the judgment nunc pro
tunc, and reinstate and affirm the original judgment and sentence.[1]

I.  Background

In 2006, appellant was indicted for the offense of
aggravated assault with a deadly weapon.  However, the caption on the
indictment reflects that the charged offense was “aggravated assault – bodily
injury.”  Under the terms of a plea agreement, he pleaded no contest, and was
placed on deferred-adjudication community supervision.  At the plea hearing,
held on July 3, 2006, the trial court orally admonished appellant that he was
pleading guilty to the offense of aggravated assault – serious bodily injury. 
Appellant waived the reading of the indictment.  The trial court affirmed that appellant
stipulated to the allegations contained in the charging instrument. 
Additionally, appellant’s written stipulation of evidence provides:  “At the
trial of this cause the State could and would produce witnesses who would
testify and establish, beyond a reasonable doubt, the truth of all of the
material allegations in the indictment . . . .”  The written admonishments
signed by appellant and the trial court list the offense as “Aggravated Assault
w/Serious Bodily Injury.”  Both the admonishments and the stipulation of
evidence were signed at the plea hearing.  The order of deferred adjudication
indicates appellant was charged with aggravated assault – bodily injury, with
the statute for the offense listed as Texas Penal Code Section 22.02(a)(1).[2]  The order
imposing conditions of community supervision similarly lists the offense for
which appellant was placed on community supervision as “aggravated assault –
bodily injury.”  

In December 2006, the State filed an application to
proceed to adjudication, listing the offense to which appellant entered a plea
as “aggravated assault – bodily injury.”  Appellant entered into another plea
agreement with the State and continued on community supervision for a longer
term, with some additional restrictions and increased fees.  In its order on
the State’s application, the trial court stated:

HERETOFORE, on the 3rd day of July 2006, as reflected by a
prior order of this Court, this case was tried and Christopher Dante Loud,
hereinafter called defendant, entered a plea of Nolo Contendere to the offense
of Aggravated Assault-Bodily Injury.  The Court after hearing the
evidence introduced thereunder accepted the plea of Nolo Contendere, deferred
further proceeding without entering an adjudication of guilt and placed the
defendant on probation for a term of six (6) years and cost of Court. Thereafter,
the State filed a motion in which it
alleged that the defendant has violated the terms of probation, moving
the Court to proceed to an adjudication of guilt, the assessment of punishment
and all other actions necessary in this cause, a copy of which motion was
served upon the defendant, and on the 16th day of January 2007, came on to be
heard the Motion heretofore filed by the State, and the defendant appeared in
person with counsel and the State appeared through her Assistant District
Attorney and after proper admonishment the defendant entered a plea of true to
violation 3, 8 and 10 of the allegations contained in the Motion filed by the
State alleging a violation of the terms of probation.

(emphasis added).

The State filed another application to proceed to
adjudication in November 2008.  In this application, the State alleged:

Christopher Dante Loud, the defendant in this cause,
entered a plea of Nolo Contendere to the offense of Aggravated
Assault-Bodily Injury, a felony, on the 3rd day of July 2006.  The Court
after hearing the evidence introduced thereunder and accepting the plea of Nolo
Contendere, deferred further proceedings without entering an adjudication of
guilt and placed the defendant on probation on reasonable terms and conditions
for a period of six (6) years, and the said defendant was then and there
probated to said Hill County Community Supervision and Corrections Department
as aforesaid.

(emphasis added).  

At the beginning of the hearing on the State’s
application, held on February 11, 2009, the trial court confirmed that
appellant was “the same person that entered a plea of no contest to a charge of
aggravated bodily assault - - or aggravated assault bodily injury back on July
the 3rd, 2006.”  The trial court found the State’s allegations that appellant
violated the terms of his community supervision true and found appellant guilty
of the “offense alleged in the indictment.”  After a punishment hearing, the
trial court sentenced appellant to 15 years’ confinement in the Institutional
Division of the Texas Department of Criminal Justice and a $10,000 fine.  The
judgment adjudicating appellant guilty listed the offense as Texas Penal Code
Section 22.02(a)(1), and the trial court entered “N/A” under the deadly-weapon
finding.  

Later that month on February 20,[3] the State
filed a motion to enter a judgment nunc pro tunc adjudicating appellant’s
guilt.  The State alleged:

l.          In
a February 9, 2009 hearing on the State’s Application to Proceed to Final
Adjudication, the Court found the allegations in the Application to be true,
found the Defendant guilty of the offense as charged in the Indictment, and
after a punishment hearing, sentenced the Defendant to 15 years in prison, and
a fine of $10,000.

2.         The
Judgment signed by the Court on February 13, 2009 contains clerical errors,
including:

a.         The
“Statute for Offense” is erroneously entered as §22.02(a) (1).  Defendant was
indicted for and found guilty of Aggravated Assault under Tex. Penal Code
§22.02(a) (2),[[4]]
so the entry should be corrected.

b.         The
code for the “Offense for which Defendant Convicted” is incorrectly entered as
13150004.  It should be the code for Aggravated Assault - Deadly Weapon -
13150005.

c.         The
“Findings on Deadly Weapon” is erroneously shown as N/A.  The Defendant was
indicted for aggravated assault by using or exhibiting a deadly weapon during
the commission of the offense.  He was found guilty as charged in the
Indictment.  The deadly weapon is an element of the offense, so the record
should be corrected to show the Court’s finding.

Appellant filed “Defendant’s Motion in Arrest of
Judgment and Motion for New Trial” on February 27, 2009.  Appellant requested a
new trial, contending the judgment “is contrary to law and the evidence,” and
“revocation of deferred adjudication community supervision is an abuse of
discretion.”  There is no indication in the record that the trial court
considered or acted upon appellant’s motion.  Moreover, the State did not
pursue correction of judicial, rather than, clerical, errors. 

The trial court conducted a hearing on the State’s
motion for entry of judgment nunc pro tunc on March 9, 2009.  The reporter’s
record does not reflect any indication that the trial judge independently
recalled that he made a deadly-weapon finding during the hearing on final
adjudication of appellant’s guilt.  At the conclusion of the hearing, the trial
court requested additional briefing from the State and appellant regarding
whether a judgment nunc pro tunc was available to correct these errors.  After
the parties submitted briefing, the trial court changed the order of deferred
adjudication to reflect the offense as “Aggravated Assault w/Deadly Weapon,”
the offense statute as “22.02(a)(2) Penal Code,” and the findings on deadly
weapon as “Yes, Not a Firearm.”  The trial court further changed the caption of
the indictment, the order imposing conditions of community supervision, and the
criminal docket sheet to reflect the offense of “Aggravated Assault w/Deadly
Weapon.”  Finally, the trial court entered a Nunc Pro Tunc Judgment
Adjudicating Guilt reflecting these same changes and including a finding of
“Yes, Not a Firearm” on the deadly weapon section of the judgment. 

II. Analysis

In a single issue, appellant contends the trial court
erred in adjudicating him guilty of aggravated assault – deadly weapon and
entering an affirmative finding of a deadly weapon through a judgment nunc pro
tunc.

In his brief, appellant contends: “on the one hand
the original [g]uilty plea is involuntary or on the other hand the judgment
should be modified to remove the deadly-weapon finding and adjudicate the
Appellant Guilty of either Aggravated Assault-Bodily Injury under Texas Penal
Code Section 22.02(a)(1) or Aggravated Assault Serious Bodily Injury.” 
However, we will not consider appellant’s argument that his guilty plea was
involuntary because appellant did not voice this complaint in the trial court. 
See Wright v. State, 295 S.W.3d 685, 691–92 (Tex. App.—Eastland 2009), aff’d
312 S.W.3d 34 (Tex. Crim. App. 2010); Salinas v. State, 282 S.W.3d 923,
924 (Tex. App.—Fort Worth 2009, pet. ref’d).  We confine our analysis and
disposition to whether the trial court properly changed the judgment to reflect
a deadly-weapon finding and a conviction under Texas Penal Code section 22.02(a)(2)
(hereinafter “Aggravated Assault with a Deadly Weapon”). 

A judgment nunc pro tunc is appropriate to correct
clerical errors when the court’s records do not mirror the judgment actually
rendered.  Collins v. State, 240 S.W.3d 925, 928 (Tex. Crim. App.
2007).  However, such an order is not appropriate to correct judicial errors or
omissions.  Ex parte Poe, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (en
banc).  “The trial court cannot, through a judgment nunc pro tunc, change a
court’s records to reflect what it believes should have been done.”  Collins,
240 S.W.3d at 928 (citing Ex parte Dopps, 723 S.W.2d 669, 671
(Tex. Crim. App. 1986) (en banc) (per curiam)).  The dispositive issue in this
case is thus whether the changes made by the trial court resulted from judicial
reasoning or were simply corrections of clerical errors.  Such a determination
is a matter of law.  See Poe, 751 S.W.2d at 876.

As discussed above, appellant pleaded no contest to
the allegations in the indictment.  The indictment, in turn, alleged aggravated
assault with a deadly weapon.  See Tex. Penal Code Ann. § 22.02(a)(2). 
However, appellant waived the reading of the indictment, and the trial court,
both orally and in writing, admonished appellant that the offense with which he
was charged was aggravated assault – serious bodily injury.  See id. §
22.02(a)(1).  There is no mention in any of the documents contained in the
clerk’s record—except the body of the indictment—or any discussion in any of
the reporter’s records of a deadly weapon until the State filed its motion for
judgment nunc pro tunc.  Indeed, the record makes clear that everyone,
including the State and the trial court, was operating under the assumption
appellant had pleaded no contest to aggravated assault – serious bodily
injury.  At the beginning of three separate hearings over the course of three
years, the trial court verified appellant had pleaded no contest to aggravated
assault – bodily injury.  In fact, the trial court requested briefing at the
conclusion of the hearing on the State’s motion for a judgment nunc pro tunc;
such a request certainly suggests the use of judicial reasoning in determining
whether to correct the numerous errors apparent in this record.  Cf. Collins,
240 S.W.3d at 928 (noting a nunc pro tunc order may only be used to correct a
clerical error that was not the result of judicial reasoning). 

The cases cited by the State to support
its proposition that a judgment nunc pro tunc is appropriate to correct clerical
errors made in a deadly-weapon finding are factually distinguishable from this
case.  First, in Curry v. State, the jury found the defendant had used
or exhibited a deadly weapon; thus the trial court was required to enter the
finding on the judgment.  720 S.W.2d 261, 263 (Tex. App.—Austin 1986, pet.
ref’d).  Here, we have no such jury finding.  Next, in Rabsatt v. State,
No. 03-06-00668-CR, 2007 WL 3390877, at *2 (Tex. App.—Austin Nov. 15, 2007,
pet. struck) (mem. op., not designated for publication), the trial court orally
pronounced an affirmative deadly-weapon finding.  Again, the trial court made
no such oral pronouncement in this case.  Finally, in Ex parte Huskins,
the trial court properly admonished the defendant prior to accepting his guilty
plea to the allegations in the indictment.  176 S.W.3d 818, 820 (Tex. Crim.
App. 2005).  Thus, the Court of Criminal Appeals concluded that the trial court
was not required to orally announce a deadly-weapon finding at sentencing to
include such a finding in the judgment and sentence.  Id. at 820–21. 
But here, the trial court did not properly admonish the defendant regarding a
deadly weapon; as explained above, the trial court instead admonished the
defendant that he was pleading no contest to and being placed on deferred
adjudication for aggravated assault – serious bodily injury.  

Further, when the trial court is the trier-of-fact,
it has discretion to withhold entry of a deadly-weapon finding from its
judgment, even when such a finding is supported by the evidence.  See
Guerrero v. State, 299 S.W.3d 487, 490 (Tex. App.—Amarillo 2009, no pet.); Johnson
v. State, 233 S.W.3d 420, 425 (Tex. App.—Fort Worth 2007, pet. denied); Dickson
v. State, 988 S.W.2d 261, 263 (Tex. App.—Texarkana 1998, pet. ref’d); Campos
v. State, 927 S.W.2d 232, 235 (Tex. App.—Waco 1996, no pet.).  Notwithstanding
the trial court’s decision to grant the State’s motion to enter a judgment nunc
pro tunc, we must glean its original intent by reviewing the entire record.  On
multiple occasions, the State and the trial court (orally and in writing)
denominated the charge as “aggravated assault-bodily injury.”  During the
hearing on final adjudication of guilt, the trial court asked appellant if he
was the same person charged with “aggravated assault-bodily injury.”  Moreover,
any doubt regarding the trial court’s original intent is removed by its express
finding of “N/A” on the original judgment.  The deadly weapon finding was
within the trial court’s discretion and required judicial reasoning;
accordingly the “N/A” entry was not merely a clerical error.  Johnson,
233 S.W.3d at 428.  Based on this record, we cannot conclude that the trial
court’s inscription of “N/A” in the judgment under the topic “Findings on a
Deadly Weapon” was simply a clerical error, particularly when coupled with a
record that indicates the judge was operating under the assumption that
appellant had pleaded no contest to aggravated assault – serious bodily injury.
 Again, we find no basis in this record
for the State’s contention that in contemplating the merits of the State’s
motion for entry of judgment nunc pro tunc, the trial judge independently
recalled his intent to enter a deadly-weapon finding when he adjudicated
appellant’s guilt.

We acknowledge that on the day the trial court signed
the judgment nunc pro tunc it retained plenary power over the case.  We are
also cognizant of authority supporting the contention that a trial court, in
exercise of its plenary power, may vacate, modify or amend certain of its own
rulings.  See Awadelkariem v. State,
974 S.W.2d 721, 728 (Tex. Crim. App. 1998) (determining trial court had
authority to rescind order granting new trial).  There is ample authority
supporting the contention that the trial court may modify or amend the
defendant’s sentence while it has plenary power over a case.  See State v. Aguilera, 165 S.W.3d 695, 697–98 (Tex.
Crim. App. 2005) (explaining trial courts have plenary power to modify a
sentence); Junious v. State, 120 S.W.3d 413, 417 (Tex. App.—Houston
[14th Dist.] 2003 pet. ref’d) (holding, notwithstanding erroneous grant of
partial new trial pertaining to punishment, trial court properly exercised
plenary power to alter sentence); Ware v. State, 62 S.W.3d 344, 353–55
(Tex. App.—Fort Worth 2001, pet. ref’d) (holding trial court had inherent power
to correct judgment).   

However, enhancement findings are made and entered
during final adjudication of guilt, and we have not identified any authority
supporting the contention that the trial court may alter or amend enhancement
findings without granting a motion for new trial.  Here, the State merely
requested that the trial court correct a clerical error.  Accordingly, under
the unique circumstances presented in this case, we conclude the trial court
acted to correct judicial errors and omissions; in fact, it appears as though
the trial court changed its record to reflect what it believed should have been
done, not to what actually occurred.  See Collins, 240 S.W.3d at 928 (“The
trial court cannot, through a judgment nunc pro tunc, change a court’s records
to reflect what it believes should have been done.”).  The trial court was not
authorized to enter the judgment nunc pro tunc.  See Dopps, 723 S.W.2d
at 671.  We sustain appellant’s sole issue.

Having sustained appellant’s issue, we order the
judgment nunc pro tunc vacated and set aside.  We further order the original
judgment and sentence reinstated.  We affirm the original judgment of the trial
court.








 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Seymore.(Frost, J., dissenting.)

Publish — Tex. R. App. P. 47.3(b).









[1]
Appellant has not challenged the original judgment and sentence.





[2]
This statute provides that a person commits aggravated assault if he commits
assault and causes serious bodily injury to another.  Tex. Penal Code Ann. §
22.02(a)(1) (Vernon Supp. 2009).





[3]
Appellant timely filed his notice of appeal on February 27, 2009.





[4]
This statute provides that a person commits aggravated assault if he commits
assault and uses or exhibits a deadly weapon during the commission of the
assault.  Tex. Penal Code Ann. § 22.02(a)(2).