**Affirmed as Modified and Memorandum Opinion filed March 26, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00758-CR

---

**ALEX TERRELLDEVON JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1276724**

---

## M E M O R A N D U M   O P I N I O N

Appellant Alex Terrelldevon Jackson pleaded guilty to aggravated assault with a deadly weapon, and was sentenced in accordance with a plea bargain agreement with the State to five years' deferred adjudication probation and a $500 fine. The trial court subsequently revoked appellant's probation and sentenced him to seven years' confinement. In two issues, appellant contends (1) the trial court erred by adding a $500 fine to the judgment after the court pronounced sentenced

as simply "seven years' confinement"; and (2) there is insufficient evidence in the record to support the court's order that he pay a particular amount in court costs. We reform the trial court's judgment to delete the specific amount of costs, and affirm the judgment as modified.

In his first issue, appellant claims the trial court erred in assessing a $500 fine against appellant in the judgment adjudicating guilt because there was no oral pronouncement of the fine. At the conclusion of the hearing on the State's motion to adjudicate, the trial court stated:

> All right. Having found you guilty of the offense of aggravated assault with a deadly weapon, I assess your punishment at seven years' confinement in TDC. You will be given credit for any time that you've served in custody.

In its judgment, the trial court assessed a $500 fine despite the fact that there was no oral pronouncement of a fine at the hearing. The State concedes that even though the fine was included in the judgment granting deferred adjudication, it was not orally pronounced by the trial court. Because the oral pronouncement controls, the fine must be deleted from the judgment. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). On February 4, 2013, the trial court entered a judgment nunc pro tunc in which the $500 fine was deleted. Because the trial court corrected this error in its judgment nunc pro tunc, appellant's issue is overruled as moot.

In his second issue, appellant claims the evidence was insufficient to support the assessment of $279 in court costs. The original clerk's record filed with this court did not contain a bill of costs. A supplemental clerk's record was filed containing a computer screen printout from the Harris County Justice Information Management System (JIMS). It shows court costs in appellant's case, which amount to $579.

2

In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. filed), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. The court further held that an unsigned computer screen printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001 of the Texas Code of Criminal Procedure. *Id.* at 515, n. 1.

In this case, appellant objected to the computer screen printout in the supplemental clerk's record because it does not comply with article 103.001. Article 103.001 provides:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

While the computer screen printout bears a dated signature, nothing in the record shows whether the person who signed the printout is an officer who charged the cost or an officer who is entitled to receive payment for the cost. Further, there is no evidence in the record that this computer screen printout was presented to the trial judge before she included the specific dollar amount in the judgment. Therefore, we cannot consider the computer screen printout as an appropriate bill of costs in this case. *See Johnson*, 389 S.W.3d at 515, n.1.; *Jelks v. State*, No. 14-12-00509-CR; 2013 WL 638921 (Tex. App.—Houston [14th Dist.] Feb. 21, 2013, no pet. h.).

On February 4, 2013, the trial court entered a judgment nunc pro tunc in which the court deleted the $500 fine and changed the assessment of court costs to $259. Appellant filed an objection to the supplement clerk's record containing the nunc pro tunc judgment. Appellant contends that the trial court was not permitted

to modify the cost figure in the judgment.

The purpose of a nunc pro tunc order is to correctly reflect in the records of the trial court the judgment it actually made, but which for some reason did not enter of record at the proper time. *Johnson v. State*, 233 S.W.3d 420, 425 (Tex. App.—Fort Worth 2007, pet. ref'd). Therefore, before a judgment nunc pro tunc may be entered, there must be proof the proposed judgment was actually rendered or pronounced at an earlier time. *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990). A judgment nunc pro tunc is improper when it has the effect of making a new or independent order. *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986). The nunc pro tunc entry may be made to correct a judgment to properly reflect the actual order but may not be used to modify or add provisions to an order previously entered. *Id*. A correction can be made to reflect what actually happened at trial by entry of a nunc pro tunc judgment, "but correction can be only as to what was done and not as to what should have been done." *Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986).

The record in the trial court at the time this appeal was filed did not contain any evidence supporting the assessment of $279 or $259 in court costs. The trial court did not err in ordering appellant to pay costs, as such is mandated by the Code of Criminal Procedure. Tex. Code Crim. Proc. art. 42.16. However, the court erred in entering a specific dollar amount without any support in the record for that dollar amount. *See Johnson*, 389 S.W.3d at 516. Because there was no evidence of costs at the time the first judgment was entered, the amount of costs could not be corrected by judgment nunc pro tunc. *See Johnson*, 233 S.W.3d at 425.

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we reform the trial court's

judgment nunc pro tunc to delete the specific amount of costs. *See Johnson* 389 S.W.3d at 517. As modified, the judgment is affirmed.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).