

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-12-00155-CR, 04-12-00156-CR, & 04-12-00157-CR

Glen Edward **FARMER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2011-CR-9601A, 2011-CR-9602A, & 2011-CR-9603A
The Honorable Angus McGinty, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  June 26, 2013

AFFIRMED

Glen Edward Farmer pleaded guilty to three separate aggravated robberies.  On appeal, Famer contends that the trial court erred in (1) entering a deadly weapon finding in the written judgments and (2) failing to hold a hearing on his motion for new trial.  We affirm the trial court's judgments.

*Deadly Weapon Finding*

In his first issue, Farmer argues that the trial court failed to render a "proper judgment" as required by article 37.12 of the Code of Criminal Procedure because the written judgment included

a deadly weapon finding even though the court had not orally indicated that it was making such a finding and the docket sheets similarly did not show that an affirmative finding had been made. *See* TEX. CODE CRIM. PROC. ANN. art. 37.12 (West 2006). Farmer interprets the court's silence as evidence that there was not a deadly weapon finding. As a result, Farmer contends that a deadly weapon finding is not authorized in the judgments and must be removed.

Under article 42.12, the jury or trial court as trier of fact is authorized to make an affirmative finding of fact that a deadly weapon was used or exhibited during the commission of a felony offense, or during the immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2012); *Lafleur v. State*, 106 S.W.3d 91, 94-95 (Tex. Crim. App. 2003); *Polk v. State*, 693 S.W.2d 391, 393 & n.1 (Tex. Crim. App. 1985). An express determination by the fact finder that a deadly weapon was used or exhibited is required. *Lafleur*, 106 S.W.3d at 94; *Polk*, 693 S.W.2d at 393.

When a jury makes an affirmative deadly weapon finding, the trial court has a mandatory duty to enter a deadly weapon finding in the written judgment. *Lafleur*, 106 S.W.3d at 94. When the trial court is the finder of fact, it is within the court's discretion whether to make an affirmative deadly weapon finding, even if supported by the evidence, and, if made, whether to enter the deadly weapon finding in the written judgment. *Hooks v. State*, 860 S.W.2d 110, 111 (Tex. Crim. App. 1993); *Ex parte Franklin*, 757 S.W.2d 778, 780 (Tex. Crim. App. 1988); *Johnson v. State*, 233 S.W.3d 420, 424-25 (Tex. App.—Fort Worth 2007, pet. ref'd).

No separate express finding of a deadly weapon is required by the trial court in certain instances such as where a defendant pleads guilty to an indictment that alleges the use of a deadly weapon. *Lafleur*, 106 S.W.3d at 95 (recognizing that "the trier of facts' verdict on the indictment may constitute an affirmative finding" when the indictment alleges a deadly weapon); *Ex parte*

*Empey*, 757 S.W.2d 771, 774 (Tex. Crim. App. 1988) (holding that an affirmative deadly weapon finding arose as a matter of law when indictment charged use of a deadly weapon and judge found defendant guilty as alleged in indictment); *Marshall v. State*, 860 S.W.2d 142, 143 (Tex. App.—Dallas 1993, no pet.) (holding no express finding was required when, by properly admonishing defendant and accepting his guilty plea "to indictment" that charged him with using a deadly weapon, the trial court necessarily found defendant used a deadly weapon); *see also Johnson*, 233 S.W.3d at 424.

Additionally, although article 42.03 of the Code of Criminal Procedure requires that the sentence be pronounced in the defendant's presence, the expectation of having the oral pronouncement match the written judgment applies only to sentencing issues, such as the term of confinement assessed and whether multiple sentences will be served concurrently or consecutively. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2012); *Ex parte Huskins*, 176 S.W.3d 818, 820-21 (Tex. Crim. App. 2005); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *see also Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Although a deadly weapon finding does affect a defendant's eligibility for probation and parole, it does not alter the range of punishment to which the defendant is subject, or the number of years assessed. *State v. Ross*, 953 S.W.2d 748, 751 (Tex. Crim. App. 1997). Accordingly, a deadly weapon finding may affect how the sentence is served, but it is not part of the sentence. *Id.* at 750-51; *Huskins*, 176 S.W.3d at 821. Therefore, a trial court is not required to orally announce a deadly weapon finding at sentencing if the allegation of use of a deadly weapon is clear from the face of the indictment. *Huskins*, 176 S.W.3d at 821.

Here, each indictment against Farmer explicitly alleged that:

> while in the course of committing theft of property and with intent to obtain and maintain control of said property; [Farmer] did intentionally and knowingly

threaten and place Ahmah Rahimi in fear of imminent bodily injury and death, and [Farmer] did use and exhibit a deadly weapon, to-wit: A FIREARM[.]

The record shows that Farmer was properly admonished, and it was agreed and understood by all the parties and the judge that Farmer was entering a plea to a "3(g) offense with a deadly weapon finding." Thus, by accepting Farmer's guilty plea to aggravated robbery as charged in the indictment, the trial court made a finding that he used or exhibited a deadly weapon and properly included an affirmative deadly weapon finding in the written judgments. Accordingly, we overrule Farmer's first issue.

### *Motion For New Trial*

In his second issue, Farmer argues that the trial court abused its discretion by failing to conduct a hearing on his timely filed motion for new trial in each case. He asserts the motion was supported by affidavits, and alleged ineffective assistance of counsel, a matter not determinable from the record that could entitle him to a new trial.

It is well settled that the right to a hearing on a motion for new trial is not an absolute right. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). As a prerequisite to obtaining a hearing, the motion and supporting affidavits must present matters not determinable from the record which could entitle the movant to relief. *Martinez v. State*, 74 S.W.3d 19, 21-22 (Tex. Crim. App. 2002). In addition, a defendant is required to "present" a motion to the trial court within ten days of filing it, unless the court, in its discretion, extends that time period. TEX. R. APP. P. 21.6. When a defendant presents a motion for new trial raising matters not determinable from the record which could entitle him to relief, the trial court abuses its discretion in failing to hold a hearing on the motion for new trial. *King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000).

Here, the trial court did not abuse its discretion because Farmer did not show he satisfied the procedural hurdle of presentment required for a hearing. *See* TEX. R. APP. P. 21.6; *Reyes*, 849 S.W.2d at 816. The purpose of presentment is to put the trial judge on actual notice that the defendant desires the judge to take some action, such as making a ruling or holding a hearing, on his motion for new trial. *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009); *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009). Presentment must be apparent from the record, and may be shown by the judge's signature on the motion or proposed order, or an entry on the docket sheet showing presentment or setting a hearing date. *Stokes*, 277 S.W.3d at 21. The defendant bears the burden of establishing that the presentment requirement has been satisfied. *Gardner*, 306 S.W.3d at 306; *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (record must show defendant met his burden of actually delivering motion for new trial to trial judge, or otherwise bringing motion to judge's attention).

Although Farmer timely filed his motion for new trial, the record does not contain any documentary evidence that the trial court had actual notice of the motion such as a proposed order or notation containing the judge's signature, a notation on the docket sheet of a request for hearing or a hearing date set on the motion, or a ruling on the motion. The only suggestion of presentment is a statement in Farmer's affidavit that all "motions for new trial in all three cases were timely presented to the trial court." This bare statement, however, is insufficient to establish presentment under Rule 21.6. *See Gardner*, 306 S.W.3d at 305-06; *Burrus v. State*, 266 S.W.3d 107, 115-16 (Tex. App.—Fort Worth 2008, no pet.); *Oestrick v. State*, 939 S.W.2d 232, 235 n.5 (Tex. App.—Austin 1997, pet. ref'd) (self-serving statement by defense counsel, without more, is insufficient evidence of presentment). There is nothing in the record to indicate the trial judge ever saw the motion for new trial, and it was overruled by operation of law in each case. *Cf. Gardner*, 306 S.W.3d at 305. Thus, Farmer did not carry his burden to establish that the trial court abused its

discretion in failing to hold a hearing on his motion for new trial. *See Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005) (trial court is under no requirement to conduct a hearing if the motion for new trial is not presented in a timely manner). Accordingly, we overrule Farmer's second issue.

Based on the foregoing reasons, we affirm the judgments of the trial court.

Rebeca C. Martinez, Justice

Do not publish