**Donald Lee DICKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00024–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 8, 1998.

Decided Dec. 18, 1998.

Discretionary Review Refused
June 9, 1999.

William M. House, Jr., Palestine, for appellant.

Bill Curley, Asst. Criminal Dist. Atty., Palestine, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Donald Lee Dickson appeals from the revocation of his probation. He contends that the underlying judgment that placed him on probation is void. We affirm the judgment of the trial court.

On December 22, 1987, Dickson waived indictment and pleaded guilty to aggravated assault with a deadly weapon. The trial court sentenced him to ten years in prison, but suspended imposition of the sentence and placed him on probation for ten years. The judgment recited that Dickson was convicted of the offense of aggravated assault with a deadly weapon, but the judgment does not contain an express affirmative finding that Dickson committed the offense by using a deadly weapon.

On November 7, 1997, the State moved to revoke Dickson's probation. After a hearing, the trial court revoked Dickson's probation and imposed his ten-year prison sentence.

On February 3, 1998, the trial court conducted a hearing on Dickson's motion for judgment nunc pro tunc. In his motion, Dickson requested that the trial court enter a separate and specific finding that he used a deadly weapon in the 1987 aggravated assault. The trial court denied Dickson's motion.

The version of Texas Code of Criminal Procedure article 42.12, § 3g(a)(2) in effect when Dickson was convicted prohibits the trial court from granting probation to a defendant when it is shown that a deadly weapon was used or exhibited during the commission of a felony. Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 1, 1985 Tex. Gen. Laws 1532, *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3498, *amended by* Act of May 25, 1991, 72nd Leg., R.S., ch. 541, § 1, 1991 Tex. Gen. Laws 1876, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.

Gen. Laws 3716, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 14, 1995 Tex. Gen. Laws 2476, *amended by* Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 52, 1995 Tex. Gen. Laws 2749, *amended by* Acts 1997, 75th Leg., ch. 165, § 12.03, 1997 Tex. Gen. Laws 438 (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 1998)). On an affirmative finding that the defendant used or exhibited a deadly weapon, the trial court should enter the finding in the judgment.

Dickson contends that the trial court should not have placed him on probation for the initial offense because he used a deadly weapon in the commission of the aggravated assault. The use of a deadly weapon is an essential element of the offense for which Dickson was convicted. He argues that the trial court's error in granting him probation, when it was not authorized to do so, rendered the judgment void. Because the initial judgment is void, Dickson argues, it was error to revoke his probation and sentence him to prison. The relief Dickson requests of this Court is to reform his judgment to show the use of a deadly weapon, reverse the decision revoking his probation, order the withdrawal of his plea of guilty, and remand the cause to the trial court for a new trial.

The Court of Criminal Appeals has directly addressed this issue in *Hooks v. State*, 860 S.W.2d 110 (Tex.Crim.App.1993). The court held that Article 42.12, § 3g(a)(2) does not operate as a bar to probation when the trial court fails to enter a "separate and specific" finding in the judgment. *Hooks v. State*, 860 S.W.2d at 114. The facts in *Hooks* are similar to those in this case. In the defendant's bench trial on her plea of not guilty, the trial court found her guilty of aggravated assault by threat with a deadly weapon. *Id.* at 111. The trial court suspended the imposition of sentence and placed her on probation. *Id.* Hooks' probation was later revoked, and the original sentence was imposed. *Id.* She appealed on the ground that her judgment was void when the court placed her on probation, in violation of Article 42.12, § 3g(a). The Court of Criminal Appeals found that, because the trial court did not enter a separate and specific deadly weapon finding, Article

42.12, § 3g(a)(2) did not bar her probation and, thus, her judgment was not void. *Id.*

■ Dickson's initial judgment is valid because the trial court did not make a separate and specific finding on the use of a deadly weapon in the judgment. The holding in the *Hooks* case appears to have made the entry of an affirmative finding of the use of a deadly weapon discretionary in cases where the court is the trier of fact. *Brooks v. State*, 900 S.W.2d 468, 475 (Tex.App.-Texarkana 1995, no pet.); *Martinez v. State*, 874 S.W.2d 267, 268 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). We hold that the lack of a separate and affirmative deadly weapon finding in Dickson's original judgment of conviction did not prohibit the trial court from granting probation.

■ Dickson also contends that the trial court should have granted his motion for judgment *nunc pro tunc* to reform the judgment. He argues that the trial court was required to reform his judgment to include a separate and specific finding. Dickson asserts that, if the judgment is reformed to include a deadly weapon finding, the conviction will be void because he could not have been placed on probation.

■ Nunc pro tunc literally means "now for then," and describes the inherent power possessed by a court to make its records speak the truth by correcting the record at a later date to reflect what actually occurred at trial. *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex.Crim.App.1986). The purpose of a nunc pro tunc order is not to make, and it does not have the legal effect of making, a new and independent order. *Id.* The nunc pro tunc entry may be made to correct a judgment to properly reflect the actual order, but may not be used to modify or add additional provisions to an order previously entered. *Id.* A nunc pro tunc order may correct clerical errors in a judgment, but not judicial omissions or errors. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex.Crim.App.1988). A clerical error is one that does not result from judicial reasoning or determination. *Id.* A correction can be made to reflect what actually occurred at trial by entry of a nunc pro tunc judgment, but the correction can be

only as to what was done and not as to what should have been done. *Ex parte Dopps,* 723 S.W.2d 669, 671 (Tex.Crim.App.1986) (citing *Chaney v. State,* 494 S.W.2d 813, 814 n. 1 (Tex.Crim.App.1973)).

Dickson cites the case of *Ex parte Empey,* 757 S.W.2d 771 (Tex.Crim.App.1988), for his contention that the trial court should have granted the judgment nunc pro tunc. We disagree. In *Ex parte Empey,* the State filed a motion for judgment nunc pro tunc to include an affirmative finding on the use of a deadly weapon ten years after Empey's conviction. *Id.* at 773. The trial court granted the motion. *Id.* In response to the judgment nunc pro tunc, Empey filed a writ of habeas corpus alleging that the trial court erred by granting the State's motion. The appellate court affirmed the judgment of the trial court. The decision does not hold that the trial court's nunc pro tunc judgment was proper, but only that the defendant failed to establish his burden of proof in his writ of habeas corpus proceeding. *Id.* at 775. That was the reason Empey was not entitled to relief. *Id.* In dicta, the court in *Ex parte Empey* reaffirmed the *Hooks v. State* decision by stating that, when the trial court makes a finding of the use of a deadly weapon, the judge must still make an *entry* of that finding in the judgment. *Id.* at 774.

We hold that the trial court properly denied Dickson's motion for judgment nunc pro tunc. Here, the failure to make the entry was a judicial omission, not a clerical error. Dickson has not established that the court made a finding of the use of a deadly weapon.

A judgment nunc pro tunc is improper when it has the effect of making a new order. *Ex parte Dickerson,* 702 S.W.2d at 658. Dickson's counsel admitted at the writ hearing that, if the trial court granted his motion for judgment nunc pro tunc, it would void the existing judgment. Because the granting of a judgment nunc pro tunc would have the effect of creating a new order, the trial court properly refused the motion.

For the reasons stated above, we affirm the judgment of the trial court.