COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
  
  
 IN RE:  THE STATE OF
 TEXAS,
  
                                               
 Relator.
  
  
 
 
  
 '
    
 '
    
 '
    
 '
    
   
 
 
  
  
                   No. 08-12-00165-CR
  
 AN ORIGINAL
 PROCEEDING
  
 IN MANDAMUS
  
  
 
 


                                                                  O
P I N I O N

 

            The State of Texas has filed a
petition seeking a writ of mandamus to compel the Honorable Marcos Lizarraga,
Presiding Judge of the 168th District Court of El Paso County, to enter a
deadly weapon finding in accordance with a plea bargain, or alternatively, to
allow the State to withdraw its plea offer and its consent to the Defendant’s
jury waiver in order for the case to be set for trial.  We conditionally grant mandamus relief.

FACTUAL SUMMARY

            An El Paso grand jury returned an
indictment against Steven Castro for aggravated assault with a deadly weapon
under Section 22.02(a)(2) of the Texas Penal Code.[1]  See Tex.Penal Code Ann. § 22.02(a)(2)(West 2011).  The indictment alleged that Castro intentionally
or knowingly threatened Rebecca Cordova with imminent bodily injury and he used
or exhibited a deadly weapon, namely, an iron, during the commission of the
assault, and the iron was capable of causing death and serious bodily injury in
the manner of its use and intended use.

            On April 12, 2012, Castro waived various
constitutional and statutory rights, including his right to a jury trial, and
entered a negotiated plea of guilty to the offense.  Castro judicially confessed to the offense as
alleged in the indictment and waived his right to require sufficient evidence
to support the court’s judgment.  In
exchange for Castro’s guilty plea, the State agreed to recommend that he be
placed on deferred adjudication community supervision for ten years.  The plea bargain agreement additionally
included a requirement that both deadly weapon and family violence findings
would be made.[2]  The plea agreement document was included
among the plea papers admitted as State’s Exhibit 1 at the guilty plea hearing.[3]  

At the hearing, the trial judge engaged in the following
discussion with the prosecutor prior to accepting the guilty plea: 

[The
Court]:  What kind of damage was done
with the iron?

[Prosecutor]:  He was threatening with an iron, Judge.

[The
Court]:  It was a threat?

[Prosecutor]:  Uh-huh.

[The Court]:  All right. 
I’ll accept the State’s and Defense counsel’s urging of the best
interest and those of society will be served by placing you on deferred adjudication.  And I’m going to follow the State’s
recommendation subject to a summary of the evidence they would have presented
had this case gone to trial.

 

[Prosecutor]:  Yes, sir. 
Judge, had the State proceeded to trial, we would have shown by
testimony and evidence that on or about the 18th day of February, 2012, in El
Paso County, Texas, Steven Castro, who’s present here today and is the
Defendant, did then and there intentionally and knowingly threaten Rebecca
Cordova with eminent bodily injury and did then and there use and exhibit a
deadly weapon during the commission of the assault, to-wit:  an iron; that in its manner of use or
intended use is capable of causing death and serious bodily injury.  And we further indicted that the Defendant
used and exhibited a deadly weapon, to wit: 
an iron, during the commission of [sic] immediate flight from said
offense.  We would offer the summary and
the plea papers into evidence, Your Honor.

 

[Defense
counsel]:  No objection, Your Honor.

The trial judge
then asked the prosecutor what the incident report reflected regarding Castro’s
use of the iron and the prosecutor tendered the report to the judge for his
review.  After reading the incident
report, the trial judge asked the prosecutor for clarification regarding his
discretion with respect to making a deadly weapon finding.  The prosecutor informed the judge that he had
discretion whether or not to follow the plea bargain, but the State would be
allowed to withdraw its recommendation if the court did not follow it.  The trial court then stated the following:

All
right.  Taking into account the signed
judicial confession, the State’s summary and the plea of guilt and all of the
other evidence presented, I find that the evidence supports the Defendant’s
plea of guilty.  I’ve read the wife’s --
the complainant’s narrative was taken down by the police.  I don’t know if the evidence supports a
finding of deadly weapon.[4]

 

            I will sign my acceptance of the
plea and making a finding from my signature on page seven of the plea papers;
however, I will not enter a finding of guilt at this time.  Instead, I will defer further proceedings and
place you on community supervision for a period of ten years.  You will have a fine of $500, 250 will be
probated.  You will be required to perform
300 hours of community service.  I’m
making a family violence finding in this case. 


 

Page seven of
the plea papers is titled, “COURT’S FINDINGS, APPROVAL, AND ORDER.”  It provides, in pertinent part, as follows:

1.       The Court certifies that it inquired as to the
existence of any plea bargain agreements between the State and the Defendant,
and finds that the terms agreed to are set out on page 8, ‘PLEA AGREEMENT’.

 

2.      The
Court has, in open court and before any finding on the plea, informed the
Defendant whether it will follow or reject such agreement.

 

   
X     The Court will follow the Plea Agreement as
set out.

_____ The Court will NOT follow the Plea
Agreement.  The Defendant may withdraw
his/her plea.

 

The trial court
made other findings, consented and approved the waivers, consent, and
stipulation of the defendant, and accepted the plea of guilty by signing the
document.  

The
trial court sentenced Castro in accordance with all aspects of the plea bargain
with the exception of the deadly weapon finding.  After determining that the trial court was
not going to make a deadly weapon finding, the prosecutor informed the court
that the State wished to withdraw its recommendation because the court had not
followed the plea bargain, but the trial judge told him that he had already
sentenced Castro.  The trial judge did
not permit the State to withdraw its offer and persisted in his refusal to make
a deadly weapon finding in accordance with the plea bargain agreement.  The trial judge subsequently signed an order
of deferred adjudication.  In the section
of the order titled “Terms of Plea Bargain” is the phrase “STATE’S
RECOMMENDATION.”  The deferred
adjudication order does not include a deadly weapon finding.

The
State filed a mandamus petition seeking to compel the trial judge to enter a
deadly weapon finding in accordance with the plea bargain, or alternatively, to
allow the State to withdraw its plea offer and its consent to the defendant’s
jury waiver in order for the case to be set for trial.

FAILURE TO ENFORCE PLEA BARGAIN

            The State raises a single issue in
its mandamus petition.  It argues that
regardless of whether the trial judge (1) accepted the plea bargain and failed
to enforce its terms; (2) “accepted” the plea agreement after unilaterally
modifying one of the terms; or (3) converted the proceedings into an open plea
without the State’s written consent to the defendant’s jury waiver after
rejecting the plea agreement, the trial judge had no constitutional or statutory
authority to accept Castro’s guilty plea and place him on deferred adjudication
community supervision.   

Standard of Review

To
be entitled to mandamus relief, the relator must show two things:  (1) that he has no adequate remedy at law,
and (2) that what he seeks to compel is a ministerial act.  In re
State of Texas ex rel. Weeks, --- S.W.3d ---, 2013 WL 163460, *3 (Tex.Crim.App.
Jan. 16, 2013); State ex rel. Young v.
Sixth Judicial District Court of Appeals at Texarkana, 236 S.W.3d 207, 210
(Tex.Crim.App. 2007).  Regarding the
second element of the mandamus standard, the relator must show a clear right to
the relief sought.  Weeks, 2013 WL 163460 at *3. 
This showing is made when the facts and circumstances dictate but one
rational decision under “unequivocal, well-settled (i.e., from extant
statutory, constitutional, or case law sources), and clearly controlling legal
principles.”  Weeks, 2013 WL 163460 at *3, quoting
Bowen v. Carnes, 343 S.W.3d 805, 810
(Tex.Crim.App. 2011).

Ministerial Duty

            It is undisputed that the State
cannot appeal the order placing Castro on deferred adjudication
supervision.  Thus, the State has shown
that it does not have an adequate remedy at law.  The issue before us, then, is whether the
trial court had a ministerial duty to enforce the plea bargain, or
alternatively, to allow the State to withdraw its recommendation.

Plea
bargaining is statutorily recognized in Texas. 
Perkins v. Court of Appeals for
the Third Supreme Judicial District, 738 S.W.2d 276, 283 (Tex.Crim.App.
1987).  Article 26.13(a)(2) of the Code
of Criminal Procedure provides that the trial court, before accepting a guilty plea,
must admonish the defendant that the prosecutor’s recommendation as to
punishment is not binding on the court.  Tex.Code Crim.Proc.Ann. Art.
26.13(a)(2)(West 2009).  Further, the
court must inquire as to the existence of a plea bargain agreement between the State
and the defendant and, if an agreement exists, the court must inform the
defendant whether it will follow or reject the agreement in open court and
before any finding on the plea.  Id. 
If the court rejects the plea agreement, the defendant is permitted to
withdraw the plea of guilty or nolo contendere. 
Id.  The admonishments required by Article 26.13
can be made either orally or in writing. 
Tex.Code Crim.Proc.Ann. art.
26.13(d).  Once a trial judge approves
the plea bargain and accepts the guilty plea, the judge has a ministerial,
mandatory, and non-discretionary duty to enforce the plea bargain it
approved.  Perkins, 738 S.W.2d at 284-85.

            Castro argues in his brief that the
trial court had discretion to not make a deadly weapon finding even if it was
supported by the evidence, but none of the cases he cites involved a situation
where the deadly weapon finding was an express term of the plea bargain.[5]  We therefore decline to follow those
cases.  

The
trial judge did not expressly state in open court that he was going to follow
or reject the plea agreement before accepting the guilty plea as required by
Article 26.13(a)(2).  Nevertheless, the
trial judge stated in open court that he was placing his signature on page
seven of the plea papers and he was accepting the guilty plea.  The judge clearly indicated on page seven
that he would follow the plea agreement as set out in the plea papers and he
followed every aspect of the State’s recommendation except for the deadly
weapon finding.  Under the circumstances,
we conclude that the trial court had a ministerial, mandatory, and
non-discretionary duty to enforce all terms of the plea bargain agreement.  See
Perkins, 738 S.W.2d at 284-85.  It is
therefore unnecessary to address the alternative arguments made by the State.

We
sustain the State’s sole issue and conditionally grant its petition for a writ
of mandamus.  The Judge of the 168th
District Court is directed to enter a deadly weapon finding in the deferred
adjudication order in cause number 20120D01531, styled The State of Texas v. Steven Castro in accordance with the terms of
the plea bargain agreement.  The writ
will issue only if Respondent fails to obey this order.

 

February 20, 2013                               _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff, J., not participating

 

(Do Not Publish)











[1]  The indictment was filed in cause number
20120D01531 and is styled The State of
Texas v. Steven Castro.





[2]  The written plea agreement has a section
which includes additional terms and conditions. 
The State agreed to recommend a fine of $500 with $250 probated, 300
hours of community service and two special findings which are labeled “D.W.”
and “F.V.”  It is undisputed that “D.W.”
means deadly weapon and “F.V.” means family violence.





[3]  Respondent specifically stated that the plea
papers consisted of eight pages and he drew Castro’s attention to the plea
agreement found on page eight.





[4]  The trial court required the State to
introduce evidence in support of the deadly weapon finding even though Castro
judicially confessed to all of the allegations in the indictment, including the
allegation that he used and exhibited a deadly weapon, to wit: an iron, during
the commission of the offense that in the manner of its use and intended use
was capable of causing death and serious bodily injury.  Article 1.15 of the Code of Criminal
Procedure requires the State to introduce evidence into the record showing the
guilt of the defendant to support a guilty plea.  Tex.Code
Crim.Proc.Ann. art. 1.15 (West 2005); Menefee v. State, 287 S.W.3d 9, 13 (Tex.Crim.App. 2009).  Evidence offered in support of a guilty plea
may take many forms.  Menefee, 287 S.W.3d at 13.  Article 1.15 expressly provides that the
defendant may consent to the proffer of evidence in testimonial or documentary
form, or to an oral or written stipulation of what the evidence against him
would be, without necessarily admitting to its veracity or accuracy; and such a
proffer or stipulation of evidence is sufficient to support a guilty plea so
long as it embraces every constituent element of the charged offense.  Tex.Code
Crim.Proc.Ann. art. 1.15; Menefee,
287 S.W.3d at 13.  It is well established
that a guilty plea may be supported by the defendant’s judicial confession
provided that it covers all of the elements of the offense.  Menefee,
287 S.W.3d at 13; Dinnery v. State,
592 S.W.2d 343, 353 (Tex.Crim.App. 1979). 
Castro’s guilty plea was supported by his judicial confession alone.  In this mandamus proceeding, we do not
address whether the trial court clearly abused its discretion by requiring the
State to offer additional evidence to support the deadly weapon finding.  Our opinion should not be read as approving
the procedure followed by the trial court in that regard.





[5]  Castro cites Fanniel v. State, 73 S.W.3d 557 (Tex.App.--Houston [1st Dist.]
2002, no pet.), Campos v. State, 927
S.W.2d 232, 235 (Tex.App.--Waco 1996, no pet.), Hooks v. State, 860 S.W.2d 110 (Tex.Crim.App. 1993), and Dickson v. State, 988 S.W.2d 261
(Tex.App.--Texarkana 1998, pet. ref’d) in support of his argument.