COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | |
| | No. 08-12-00165-CR |
| § | |
| IN RE: THE STATE OF TEXAS, | AN ORIGINAL PROCEEDING |
| § | |
| Relator. | IN MANDAMUS |
| § | |

**O P I N I O N**

The State of Texas has filed a petition seeking a writ of mandamus to compel the Honorable Marcos Lizarraga, Presiding Judge of the 168th District Court of El Paso County, to enter a deadly weapon finding in accordance with a plea bargain, or alternatively, to allow the State to withdraw its plea offer and its consent to the Defendant's jury waiver in order for the case to be set for trial. We conditionally grant mandamus relief.

**FACTUAL SUMMARY**

An El Paso grand jury returned an indictment against Steven Castro for aggravated assault with a deadly weapon under Section 22.02(a)(2) of the Texas Penal Code.[1] *See* TEX.PENAL CODE ANN. § 22.02(a)(2)(West 2011). The indictment alleged that Castro intentionally or knowingly threatened Rebecca Cordova with imminent bodily injury and he used or exhibited a deadly weapon, namely, an iron, during the commission of the assault, and the iron was capable of causing death and serious bodily injury in the manner of its use and intended use.

On April 12, 2012, Castro waived various constitutional and statutory rights, including his right to a jury trial, and entered a negotiated plea of guilty to the offense. Castro judicially confessed to the offense as alleged in the indictment and waived his right to require sufficient

---

[1] The indictment was filed in cause number 20120D01531 and is styled *The State of Texas v. Steven Castro*.

evidence to support the court's judgment.  In exchange for Castro's guilty plea, the State agreed to recommend that he be placed on deferred adjudication community supervision for ten years. The plea bargain agreement additionally included a requirement that both deadly weapon and family violence findings would be made.[2]  The plea agreement document was included among the plea papers admitted as State's Exhibit 1 at the guilty plea hearing.[3]

At the hearing, the trial judge engaged in the following discussion with the prosecutor prior to accepting the guilty plea:

[The Court]:  What kind of damage was done with the iron?

[Prosecutor]:  He was threatening with an iron, Judge.

[The Court]:  It was a threat?

[Prosecutor]:  Uh-huh.

[The Court]:  All right.  I'll accept the State's and Defense counsel's urging of the best interest and those of society will be served by placing you on deferred adjudication.  And I'm going to follow the State's recommendation subject to a summary of the evidence they would have presented had this case gone to trial.

[Prosecutor]:  Yes, sir.  Judge, had the State proceeded to trial, we would have shown by testimony and evidence that on or about the 18th day of February, 2012, in El Paso County, Texas, Steven Castro, who's present here today and is the Defendant, did then and there intentionally and knowingly threaten Rebecca Cordova with eminent bodily injury and did then and there use and exhibit a deadly weapon during the commission of the assault, to-wit:  an iron; that in its manner of use or intended use is capable of causing death and serious bodily injury.  And we further indicted that the Defendant used and exhibited a deadly weapon, to wit:  an iron, during the commission of [sic] immediate flight from said offense.  We would offer the summary and the plea papers into evidence, Your Honor.

[Defense counsel]:  No objection, Your Honor.

---

[2]  The written plea agreement has a section which includes additional terms and conditions.  The State agreed to recommend a fine of $500 with $250 probated, 300 hours of community service and two special findings which are labeled "D.W." and "F.V."  It is undisputed that "D.W." means deadly weapon and "F.V." means family violence.
[3]  Respondent specifically stated that the plea papers consisted of eight pages and he drew Castro's attention to the plea agreement found on page eight.

The trial judge then asked the prosecutor what the incident report reflected regarding Castro's use of the iron and the prosecutor tendered the report to the judge for his review. After reading the incident report, the trial judge asked the prosecutor for clarification regarding his discretion with respect to making a deadly weapon finding. The prosecutor informed the judge that he had discretion whether or not to follow the plea bargain, but the State would be allowed to withdraw its recommendation if the court did not follow it. The trial court then stated the following:

> All right. Taking into account the signed judicial confession, the State's summary and the plea of guilt and all of the other evidence presented, I find that the evidence supports the Defendant's plea of guilty. I've read the wife's -- the complainant's narrative was taken down by the police. I don't know if the evidence supports a finding of deadly weapon.[4]

> I will sign my acceptance of the plea and making a finding from my signature on page seven of the plea papers; however, I will not enter a finding of guilt at this time. Instead, I will defer further proceedings and place you on community supervision for a period of ten years. You will have a fine of $500, 250 will be probated. You will be required to perform 300 hours of community service. I'm making a family violence finding in this case.

Page seven of the plea papers is titled, "COURT'S FINDINGS, APPROVAL, AND ORDER."

It provides, in pertinent part, as follows:

> 1. The Court certifies that it inquired as to the existence of any plea bargain agreements between the State and the Defendant, and finds that the terms

---

[4] The trial court required the State to introduce evidence in support of the deadly weapon finding even though Castro judicially confessed to all of the allegations in the indictment, including the allegation that he used and exhibited a deadly weapon, to wit: an iron, during the commission of the offense that in the manner of its use and intended use was capable of causing death and serious bodily injury. Article 1.15 of the Code of Criminal Procedure requires the State to introduce evidence into the record showing the guilt of the defendant to support a guilty plea. TEX.CODE CRIM.PROC.ANN. art. 1.15 (West 2005); *Menefee v. State*, 287 S.W.3d 9, 13 (Tex.Crim.App. 2009). Evidence offered in support of a guilty plea may take many forms. *Menefee*, 287 S.W.3d at 13. Article 1.15 expressly provides that the defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy; and such a proffer or stipulation of evidence is sufficient to support a guilty plea so long as it embraces every constituent element of the charged offense. TEX.CODE CRIM.PROC.ANN. art. 1.15; *Menefee*, 287 S.W.3d at 13. It is well established that a guilty plea may be supported by the defendant's judicial confession provided that it covers all of the elements of the offense. *Menefee*, 287 S.W.3d at 13; *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App. 1979). Castro's guilty plea was supported by his judicial confession alone. In this mandamus proceeding, we do not address whether the trial court clearly abused its discretion by requiring the State to offer additional evidence to support the deadly weapon finding. Our opinion should not be read as approving the procedure followed by the trial court in that regard.

agreed to are set out on page 8, 'PLEA AGREEMENT'.

2. The Court has, in open court and before any finding on the plea, informed the Defendant whether it will follow or reject such agreement.

   X    The Court will follow the Plea Agreement as set out.

_____ The Court will NOT follow the Plea Agreement. The Defendant may withdraw his/her plea.

The trial court made other findings, consented and approved the waivers, consent, and stipulation of the defendant, and accepted the plea of guilty by signing the document.

The trial court sentenced Castro in accordance with all aspects of the plea bargain with the exception of the deadly weapon finding. After determining that the trial court was not going to make a deadly weapon finding, the prosecutor informed the court that the State wished to withdraw its recommendation because the court had not followed the plea bargain, but the trial judge told him that he had already sentenced Castro. The trial judge did not permit the State to withdraw its offer and persisted in his refusal to make a deadly weapon finding in accordance with the plea bargain agreement. The trial judge subsequently signed an order of deferred adjudication. In the section of the order titled "Terms of Plea Bargain" is the phrase "STATE'S RECOMMENDATION." The deferred adjudication order does not include a deadly weapon finding.

The State filed a mandamus petition seeking to compel the trial judge to enter a deadly weapon finding in accordance with the plea bargain, or alternatively, to allow the State to withdraw its plea offer and its consent to the defendant's jury waiver in order for the case to be set for trial.

**FAILURE TO ENFORCE PLEA BARGAIN**

The State raises a single issue in its mandamus petition. It argues that regardless of

whether the trial judge (1) accepted the plea bargain and failed to enforce its terms; (2) "accepted" the plea agreement after unilaterally modifying one of the terms; or (3) converted the proceedings into an open plea without the State's written consent to the defendant's jury waiver after rejecting the plea agreement, the trial judge had no constitutional or statutory authority to accept Castro's guilty plea and place him on deferred adjudication community supervision.

*Standard of Review*

To be entitled to mandamus relief, the relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State of Texas ex rel. Weeks*, --- S.W.3d ---, 2013 WL 163460, *3 (Tex.Crim.App. Jan. 16, 2013); *State ex rel. Young v. Sixth Judicial District Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). Regarding the second element of the mandamus standard, the relator must show a clear right to the relief sought. *Weeks*, 2013 WL 163460 at *3. This showing is made when the facts and circumstances dictate but one rational decision under "unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Weeks*, 2013 WL 163460 at *3, *quoting Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011).

*Ministerial Duty*

It is undisputed that the State cannot appeal the order placing Castro on deferred adjudication supervision. Thus, the State has shown that it does not have an adequate remedy at law. The issue before us, then, is whether the trial court had a ministerial duty to enforce the plea bargain, or alternatively, to allow the State to withdraw its recommendation.

Plea bargaining is statutorily recognized in Texas. *Perkins v. Court of Appeals for the Third Supreme Judicial District*, 738 S.W.2d 276, 283 (Tex.Crim.App. 1987). Article

26.13(a)(2) of the Code of Criminal Procedure provides that the trial court, before accepting a guilty plea, must admonish the defendant that the prosecutor's recommendation as to punishment is not binding on the court. TEX.CODE CRIM.PROC.ANN. Art. 26.13(a)(2)(West 2009). Further, the court must inquire as to the existence of a plea bargain agreement between the State and the defendant and, if an agreement exists, the court must inform the defendant whether it will follow or reject the agreement in open court and before any finding on the plea. *Id.* If the court rejects the plea agreement, the defendant is permitted to withdraw the plea of guilty or nolo contendere. *Id.* The admonishments required by Article 26.13 can be made either orally or in writing. TEX.CODE CRIM.PROC.ANN. art. 26.13(d). Once a trial judge approves the plea bargain and accepts the guilty plea, the judge has a ministerial, mandatory, and non-discretionary duty to enforce the plea bargain it approved. *Perkins*, 738 S.W.2d at 284-85.

Castro argues in his brief that the trial court had discretion to not make a deadly weapon finding even if it was supported by the evidence, but none of the cases he cites involved a situation where the deadly weapon finding was an express term of the plea bargain.[5] We therefore decline to follow those cases.

The trial judge did not expressly state in open court that he was going to follow or reject the plea agreement before accepting the guilty plea as required by Article 26.13(a)(2). Nevertheless, the trial judge stated in open court that he was placing his signature on page seven of the plea papers and he was accepting the guilty plea. The judge clearly indicated on page seven that he would follow the plea agreement as set out in the plea papers and he followed every aspect of the State's recommendation except for the deadly weapon finding. Under the circumstances, we conclude that the trial court had a ministerial, mandatory, and non-

---

[5] Castro cites *Fanniel v. State*, 73 S.W.3d 557 (Tex.App.--Houston [1st Dist.] 2002, no pet.), *Campos v. State*, 927 S.W.2d 232, 235 (Tex.App.--Waco 1996, no pet.), *Hooks v. State*, 860 S.W.2d 110 (Tex.Crim.App. 1993), and *Dickson v. State*, 988 S.W.2d 261 (Tex.App.--Texarkana 1998, pet. ref'd) in support of his argument.

discretionary duty to enforce all terms of the plea bargain agreement. *See Perkins*, 738 S.W.2d at 284-85. It is therefore unnecessary to address the alternative arguments made by the State.

We sustain the State's sole issue and conditionally grant its petition for a writ of mandamus. The Judge of the 168th District Court is directed to enter a deadly weapon finding in the deferred adjudication order in cause number 20120D01531, styled *The State of Texas v. Steven Castro* in accordance with the terms of the plea bargain agreement. The writ will issue only if Respondent fails to obey this order.

February 20, 2013

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)