**Affirmed and Opinion Filed October 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01469-CR

**MARGARETTA SUE RUFF, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-04-442**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Bridges

Appellant Margaretta Sue Ruff was charged by indictment with the offense of deadly conduct under Texas Penal Code Annotated section 22.05. She entered into a plea bargain on the original charge whereby the trial court sentenced her to ten years in the Texas Department of Criminal Justice subject to "shock community supervision" ninety days after sentence. Ruff served her ninety days, and the trial court entered a ten-year probation order on the ninetieth day after judgment and sentence. The State later filed a motion to revoke community supervision, and the trial court found the allegations in the motion to revoke to be true. The trial court revoked Ruff's community supervision and sentenced her to eight years in prison.

In a single issue, Ruff argues the trial court lacked jurisdiction to enter the order granting community supervision after a sentence of incarceration; therefore, the order was void. She

specifically contends that despite the plain language of article 42.12 section 3g(a)(2) of the Texas Code of Criminal Procedure, the trial court was not required to make an affirmative deadly weapon finding in the judgment for the section to apply to her.

The State responds case law is clear that such an affirmative finding is required to be in the judgment. Accordingly, the State contends because there was no affirmative deadly weapon finding to restrict the application of article 42.12 section 3g, the trial court retained its jurisdiction and Ruff remained eligible for community supervision. We agree with the State and affirm the trial court's judgment.

Appellant concedes the underlying allegations regarding revocation of her probation are not relevant to her issue on appeal; therefore, we need not include a recitation of facts. TEX. R. APP. P. 47.1. Rather, we discuss only the applicable law related to her issue on appeal.

Texas Code of Criminal Procedure article 42.12 section 6 provides for the continuing jurisdiction of the trial court for 180 days from the date the execution of the sentence actually begins, and the trial court may suspend further execution of the sentence and place a defendant on community supervision "if in the opinion of the judge the defendant would not benefit from further imprisonment and: (1) the defendant is otherwise eligible for community supervision under this article." TEX. CODE CRIM. PROC. ANN. art. 42.12 §6(a)(1) (West Supp. 2013).

Article 42.12 section 3g imposes certain limitations on court-ordered community supervision and provides in relevant part as follows:

> The provisions of Section 3 of this article do not apply: . . . (2) to the defendant when it is shown that a deadly weapon finding as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon . . . . *On an affirmative finding under this subsection*, the trial court shall enter the finding in the judgment of the court. On an affirmative finding that the deadly weapon was a firearm, the trial court shall enter that finding in its judgment.

–2–

*Id*. art. 42.12 §3g(a)(2) (emphasis added).

Here, Ruff does not dispute that article 42.12 section 6 extends the trial court's jurisdiction for 180 days, but rather she argues the trial court did not maintain jurisdiction because she was not "otherwise eligible for community supervision" because the offense for which she was charged, deadly conduct under section 22.05 of the penal code, necessarily included an affirmative finding of use of a deadly weapon, despite the trial court not entering such a finding in the judgment. *See* TEX. PENAL CODE ANN. § 22.05(b)(2) (West 2011) (a person commits the offense of deadly conduct if she knowingly discharges a firearm at or in the direction of a habitation and she is reckless as to whether the habitation is occupied). Case law does not support Ruff's position.

The Texas Court of Criminal Appeals has directly addressed this issue in *Hooks v. State*, 860 S.W.2d 110 (Tex. Crim. App. 1993) (en banc). In that case, the court held article 42.12 section 3g(a)(2) does not operate as a bar to probation when the trial court fails to enter a "separate and specific" finding in the judgment. *Id*. at 113–14; s*ee also Dickson v. State*, 988 S.W.2d 261, 265 (Tex. App.—Texarkana 1998, pet. ref'd) (applying *Hooks* and concluding the lack of a separate and affirmative deadly weapon finding in the original judgment did not prohibit the trial court from granting probation). When the trial court assesses punishment, it has the authority, but not the obligation, to make an affirmative finding of the use of a deadly weapon. *See Davis v. State*, No. 05-00-00696-CR, 2001 WL 1168837, at *1 (Tex. App.—Dallas Oct. 4, 2001, no pet.) (not designated for publication) (concluding that although defendant was charged with assault while exhibiting a deadly weapon, the trial court did not enter an affirmative deadly weapon finding so defendant was eligible for community supervision under article 42.12). These clear holdings contradict Ruff's argument that the language in article 42.12 section

3g(a)(2) requiring entry of an affirmative deadly weapon finding to negate the article's application is "surplusage." Further, she cites no relevant authority in support of her position.

Here, the trial court did not enter a separate and specific deadly weapon finding. In fact, the judgment says "Findings on Deadly Weapon: N/A." Accordingly, article 42.12 section 3g(a)(2) did not act as a bar to the trial court granting community supervision and therefore, the trial court retained jurisdiction to enter its later order granting community supervision after incarceration. Ruff's sole issue is overruled.

In reaching this conclusion, we decline Ruff's invitation to conclude the omission of the deadly weapon finding was merely a "clerical error," and the judgment may be reformed on appeal. Courts have concluded a trial court's failure to enter a separate affirmative finding as required under article 42.12 is a judicial omission, not a clerical error. *See, e.g., Dickson*, 988 S.W.2d at 264; *Fisher v. State*, No. 05-92-02601-CR, 1997 WL 206787, at *4 (Tex. App.—Dallas Apr. 29, 1997, pet. ref'd) (not designated for publication). An appellate court may reform a judgment to correct an obvious clerical error when it has the necessary data before it. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); TEX. R. APP. P. 43.2. Such is not the case here. The judgment of the trial court is affirmed.

Do Not Publish
TEX. R. APP. P. 47.                    /David L. Bridges/
131469F.U05                            DAVID L. BRIDGES
                                       JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARGARETTA SUE RUFF, Appellant

No. 05-13-01469-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas

Trial Court Cause No. 2-04-442.

Opinion delivered by Justice Bridges.

Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 30, 2014.