**Opinion issued August 26, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-25-00114-CR**

**NO. 01-25-00281-CR**

———————————

**THE STATE OF TEXAS, Appellant**

**V.**

**CORY PRESTMAN OLSEN, Appellee**

**and**

**IN RE SEAN TEARE, Relator**

On Appeal from the 208th District Court
Harris County, Texas
Trial Court Case No. 0526076

**MEMORANDUM OPINION**

This case arises from a community supervision termination order issued by a criminal district court in 1996, and the court's recent Nunc Pro Tunc Judgment issued in connection with the order granting judicial clemency to Appellee Cory Prestman Olsen on a twenty-eight-year-old probation matter resulting in the dismissal of the underlying case. The State filed a direct appeal and a companion Petition for Writ of Mandamus challenging the trial court's order granting Appellee's Motion for Judgment Nunc Pro Tunc. In two issues, the State argues that (1) the trial court erred in granting the Nunc Pro Tunc Judgment in the absence of evidence that a clerical error was made or evidence of the judgment that the former judge rendered, and (2) a trial court cannot grant judicial clemency to Olsen nearly thirty years after another judge terminated his probation.

Because we conclude the State can challenge the trial court's Nunc Pro Tunc Judgment on direct appeal, we deny the State's Petition for Writ of Mandamus. Addressing the State's direct appeal, we hold the Nunc Pro Tunc Judgment is void.

We reverse and vacate the trial court's Nunc Pro Tunc Judgment.

### Background

In March 1989, Olsen was indicted for the felony offenses of attempted theft of $20,000 (Cause No. 526076) and hindering secured creditors (Cause No.

2

526077).[1]  Olsen pled guilty to both charges and the court imposed community supervision sentences of ten years in prison for each charge probated for ten years.[2]

In March 1995, after completing more than half of his probated sentence on each charge, Olsen filed a motion to terminate his probation early. The motion was titled "Motion to Terminate Probation," and its caption reflects Cause Nos. 526077 and 526076, corresponding to each charge. In the Motion, Olsen argued he had successfully completed "5 1/2 years [of his probation and such] probationary period should be terminated in the best interest of both society and [Olsen]." He stated he had been ordered to "pay restitution to the Complaining Witness," and the witness had "settled and discharged [the] entire amount."[3]

In December 1996, the presiding trial court judge of the 208th District Court signed an "Order Dismissing Cause/Order Terminating Probation" ("Termination Order") in each cause number, ordering that probation be terminated because

---

[1]  According to the indictment, the attempted theft charge stemmed from Olsen's fraudulent reporting of his vehicle as stolen to his insurance company. And the charge for hindering secured creditors arose from Olsen's transfer of a car, on which there was an unpaid balance remaining, without the consent of the secured party.

[2]  Olsen also was ordered to pay $28,000 in restitution for the conviction of hindering secured creditors.

[3]  Olsen noted in his motion that the restitution he owed for the conviction of hindering secured creditors had been discharged by the complaining witness' filing for bankruptcy protection.

3

Olsen had "satisfactorily fulfilled the conditions of probation" for "a period of excess of one-third of the probationary period to which [he] was sentenced[.]"

In the order for the offense of hindering secured creditors ("hindering case"), the court also granted Olsen judicial clemency. The Termination Order for the hindering case states that it is "ordered, adjudged, and decreed" that Olsen "be and is hereby permitted to withdraw [his] plea of guilty." As reflected below, the order has a checkmark next to the option stating that "the indictment [] by which [Olsen] was charged by and the same is hereby dismissed and the Judgment of conviction is hereby set aside according to law."

THEREFORE, the probationary period is terminated.
And it is ORDERED, ADJUDGED, and DECREED:
( ✓ ) That defendant be and is hereby permitted to withdraw his / her plea of guilty or Nolo Contendre and the indictment or information by which the defendant was charged by and the same is hereby dismissed and the Judgment of conviction is hereby set aside according to law;
( ) That the defendant's probation be and the same is here now terminated and the proceedings pending against the defendant are dismissed and defendant is discharged;
( ) The defendant be discharged according to law.
( ) _____

_____ SIGNED THIS __6th__ DAY OF __December__ 19 __86__

_____
Probation Officer

_____
Judge Presiding

COURT COPY

The Termination Order for the charge of attempted theft ("theft case") is not the same. While that order indicates that Olsen satisfactorily fulfilled the conditions of probation "[f]or a period of excess of one-third of the probationary

4

period to which [he] was sentenced,"[4] the order has no checkmarks next to the three blanks indicating the ultimate relief granted. As reflected below, the order does not indicate whether the court intended to grant Olsen judicial clemency (option 1), to dismiss the proceedings against Olsen and declare him "discharged" (option 2), or to "discharge him according to law" (option 3):

THEREFORE, the probationary period is terminated.
And it is ORDERED, ADJUDGED, and DECREED:
(    ) That defendant be and is hereby permitted to withdraw his / her plea of guilty or Nolo Contendre and the indictment or information by which the defendant was charged by and the same is hereby dismissed and the Judgment of conviction is hereby set aside according to law;
(    ) That the defendant's probation be and the same is here now terminated and the proceedings pending against the defendant are dismissed and defendant is discharged;
(    ) The defendant be discharged according to law.
(    )  _____

SIGNED THIS 26th DAY OF December, 96

Probation Officer          Judge Presiding

COURT COPY

**Motion for Judgment Nunc Pro Tunc**

Over two decades later, in July 2023, Olsen filed a Motion to Correct Judgment in the 208th District Court. He requested that the court amend the 1996 Termination Order in the theft case to check the box in the order dismissing the case and granting judicial clemency, as the former judge had done in the hindering case. Olsen requested that the court check the blank next to option 1 in the Termination Order, which states:

___

4    The Termination Order for the hindering case also has that statement.

5

> The defendant be and is hereby permitted to withdraw his/her plea of guilty or Nolo Contend[e]re and the indictment or information by which the defendant was charged by and the same is hereby dismissed and the Judgment of conviction is hereby set aside according to law[.]

Olsen argued that the court's failure to check this box in the original Termination Order was a clerical error. Olsen attached a proposed order to his motion, but the trial court did not enter the order or rule on his motion.

Later, in May 2024, Olsen filed a Motion for Judgment Nunc Pro Tunc, seeking the same relief but including authorities in support of his argument that "a failure to render judgment and pronounce sentence may be corrected by the court *at any time*." (Emphasis in original.) Olsen argued that the trial court's failure in 1996 to check the box in the Termination Order for the theft case was a clerical error because the court had marked the requested box in the Termination Order for the hindering case. According to Olsen, that was evidence of the court's intent to check the same box in the theft case.

**Hearing on Motion for Judgment Nunc Pro Tunc**

The trial court conducted a hearing on Olsen's Motion for Judgment Nunc Pro Tunc on January 14, 2025. In opposing the motion, the State argued that because the clemency box was not checked in 1996 in the Termination Order for the theft case, it would be "almost impossible to determine whether or not [the trial court judge] intentionally omitted to check one of the boxes or [if] it was done by accident on her part. So basically [there is] no way to determine whether it was

6

truly a clerical error or a judicial error." The State argued that because nunc pro tunc judgments are "exclusively for clerical errors," a nunc pro tunc judgment was "not the avenue to correct this issue," and the matter "would better be addressed through a writ or an appeal."

Olsen argued that the trial court made a clerical error in 1996, as reflected by the fact that both cases ran concurrently, and probation started and ended on the same day for each. He argued, "It had to be a clerical error because no judgment was rendered" in the theft case. He continued, "A particular type of conclusion had to be rendered." Olsen argued, with respect to the theft, that "the probation is still open after 30 years because [he was] neither permitted to withdraw his plea like a judicial clemency [or] conviction, defendant was dismissed and discharged as [he] would be in a . . . deferred adjudication. So nothing was entered in there. Therefore, it ha[d] to be a clerical error." Olsen argued that because judicial clemency was chosen in the Termination Order for the hindering case, "judicial clemency should be chosen in [the theft case] as well. But I think it speaks for itself on the paper that nothing was chosen. It's just blank. Something had to have been chosen."

Olsen further argued that, pursuant to Article 42A.701 of the Code of Criminal Procedure,[5] the trial judge was required to select either discharge or grant clemency in the Termination Order, neither of which was done in 1996 in the theft case:

> Clearly here the judge did not do that in the theft case while she did in the hindering apprehension case. So the judge must discharge . . . but may grant judicial clemency. So you had to do something. The judge had to do something, but clearly it's under the judge's discretion on what to do. Here nothing was done.
>
> A person who completes all terms of community supervision must be discharged, but to set aside is the discretion of the court; and obviously not considered a conviction. But that's what happened in the hindering. So I assume it's clerical error that the judge didn't even pick any of them [in the theft case].

The State responded that "without any verifiable proof that it was or was not [a clerical error] a nunc pro tunc [is] still the inappropriate vehicle to correct this." (Brackets in original.) The court concluded the hearing by letting the parties know it was taking the matter under advisement.

The court held a hearing one week later, on January 23, 2025. At the conclusion of the hearing, the court orally granted Olsen's Motion for Judgment Nunc Pro Tunc. Concluding "the error was a clerical error, not based on any type of judicial reasoning," the trial court held it was "allowed to correct that error [in the theft case] through a nunc pro tunc at any time." The State filed a notice of

---

[5] Article 42A.701 was codified in 2017. The version effective in 1996, located in article 42.12, section 20(a) of the Code of Criminal Procedure, has been repealed.

appeal after the oral rendition, but before the entry of a signed order. Olsen filed a proposed order in the trial court, which the trial court signed on February 6, 2025.

**Subsequent Nunc Pro Tunc Hearing**

On February 26, 2025, the trial court convened another hearing. The court explained that, after granting the Motion for Judgment Nunc Pro Tunc, the court was in the process of finalizing the order when it discovered that the Termination Order in the theft case "had already been corrected." The court convened the hearing to determine whether a nunc pro tunc judgment was even warranted. The State explained that it had learned from the clerk's office that the revised order "had been uploaded by defense counsel as part of his exhibits and that it was not a proper document." The State argued,

> [S]omeone came in and changed the judgment without documenting it as a nunc pro tunc, without notifying the parties, without putting forward the record needed to support a change to an almost 30-year-old judgment . . . again it's not a clerical error unless the Court told the clerk to do something.[6]

(Footnote added.) The State argued that it had received no notice of the court's intent to change the 1996 Termination Order for the theft case. "There was a conversation of nunc pro tunc, but we had expected to be brought back for a hearing, to have a hearing to address it[.]"

---

[6] The State offered two exhibits during the February 26 hearing: the original Termination Order for the theft charge and the revised order with the added checkmark.

The trial court stated it would go forward with the issuance of a Judgment Nunc Pro Tunc. Because the 1996 form was outdated and no longer used, however, the parties agreed that the court would direct the clerk to recreate the 1996 form, and once complete, the court would issue a signed order directing the clerk to make the requested change. The court later issued an Order on Motion for Judgment Nunc Pro Tunc, dated February 6, 2025, ordering

> that a Judgment Nunc Pro Tunc be entered and the Court shall "check-mark" the blank next to the option "That defendant be and is hereby permitted to withdraw his/her plea of guilty or Nolo Contend[e]re and the indictment or information by which the defendant was charged by and the same is hereby dismissed and the Judgement of conviction is hereby set aside according to law" on an Order Dismissing Cause/Order Terminating Probation similar to Exhibit 1.

The order included a copy of the original order in the theft case with the single checkmark.

The State filed a direct appeal and a Petition for Writ of Mandamus challenging the trial court's order.

## Applicable Law and Standard of Review

"The purpose of a *nunc pro tunc* judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record." *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012) (citing *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007)). The corrections made in a nunc pro

10

tunc judgment "must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment." *Blanton*, 369 S.W.3d at 898 (citing *Jones v. State*, 795 S.W.2d 199, 200 (Tex. Crim. App. 1990)). That is, the corrections must be those of clerical errors, not errors involving juridical reasoning. *Blanton*, 369 S.W.3d at 898 (citing *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988)).

"A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered." *In re X.A.*, No. 01-19-00227-CV, 2020 WL 237939, at *2 (Tex. App.—Houston [1st Dist.] Jan. 16, 2020, orig. proceeding) (mem. op.) (citing *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.)). A judicial error occurs in the rendering, as opposed to the entering, of judgment and "arises from a mistake of law or fact that requires judicial reasoning to correct." *In re X.A.*, 2020 WL 237939, at *3 (quoting *Hernandez v. Lopez*, 288 S.W.3d 180, 184–85 (Tex. App.—Houston [1st Dist.] 2009, no pet.)). "The determination of whether an error is clerical or judicial is a matter of law[.]" *Blanton*, 369 S.W.3d at 898 (citing *Ex parte Poe*, 751 S.W.2d at 876).

A nunc pro tunc judgment may not modify, change, or alter the original judgment pronounced in court or make a new order. *Blanton*, 369 S.W.3d at 898 (citing *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986)). Nor

11

may nunc pro tunc judgments be used to change the record to reflect what the trial court believes should have happened in the original proceeding. *Blanton*, 369 S.W.3d at 898 (citing *Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986)).[7] A nunc pro tunc judgment that corrects a judicial error is void. *Fanniel v. State*, 73 S.W.3d 557, 560 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

**The State's Petition for Writ of Mandamus**

In addition to its direct appeal, the State also filed a Petition for Writ of Mandamus challenging the trial court's Nunc Pro Tunc Judgment. Whereas the denial of a motion for judgment nunc pro tunc is properly challenged via petition for writ of mandamus, the issuance of a judgment nunc pro tunc is properly challenged by direct appeal. *See Blanton*, 369 S.W.3d at 904 ("[N]unc pro tunc judgments are [] appealable orders."); *Collins*, 240 S.W.3d at 928 ("[A]n improperly granted judgment nunc pro tunc may be appealed by the State."); TEX. CODE CRIM. PROC. art. 44.01(a)(2) (noting State of Texas may appeal order that modifies or arrests judgment); *compare with Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) ("If the trial court denies the motion for judgment

---

[7] "A court can only correct a final written judgment that incorrectly states the judgment actually rendered. Thus, if the court renders incorrectly, it cannot alter a written judgment that precisely reflects the incorrect rendition." *In re Cherry*, 258 S.W.3d 328, 334 (Tex. App.—Austin 2008, orig. proceeding).

nunc pro tunc or fails to respond, relief may be sought by filing an application for writ of mandamus in a court of appeals.").[8]

Because the State has a proper remedy by appeal, we deny the State's Petition for Writ of Mandamus.

## The State's Direct Appeal

In its first issue, the State argues that the trial court erred in granting the Motion for Judgment Nunc Pro Tunc because any error by the trial court in 1996 was judicial, not clerical. The State argues there was no evidence proffered in support of the court's conclusion that the former judge made a clerical error in failing to check the clemency box in the Termination Order for the theft case. The State posits that any grant of judicial clemency "was discretionary, not mandatory" because while the trial court "had a duty to discharge [Olsen] upon completion of [his] probationary period," the probation period could be terminated early "with or without granting full judicial clemency." *See* former TEX. CODE CRIM. PROC. art. 4212, § 20.

The State notes that the only evidence presented during the hearing on the Motion for Judgment Nunc Pro Tunc was the 1996 Termination Order signed by the trial court in the hindering case, where the former judge elected "to grant

---

8    *But see In re Cherry*, 258 S.W.3d at 334 (conditionally granting mandamus in response to trial court's granting of judgment nunc pro tunc, which was held to be void).

13

judicial clemency." The State argues that "[e]ven had the judge 'intended' to grant judicial clemency in both [the hindering and theft] cases, nothing in the record established that [the judge] made an oral pronouncement to that effect or rendered such a judgment in 1996 that she or the clerk failed to record." The State argued that Olsen's argument in the trial court was that

> "the judge must check a box, the judge didn't check a box," so the court 28 years later should check the box that most benefits appellee despite three other choices and no direct evidence that Judge Collins in 1996 picked any one of them. Neither that argument nor the picking of a box on an entirely different case supported the decision made in 2025 to issue a new order that granted judicial clemency more than two-decades [sic] after plenary power lapsed.

The absence of evidence in support of a judgment nunc pro tunc is determinative. *See Collins*, 240 S.W.3d at 928 ("[B]efore a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time.") (quoting *Wilson v. State,* 677 S.W.2d 518, 521 (Tex. Crim. App. 1984)); *see also Dewalt v. State*, 417 S.W.3d 678, 690 (Tex. App.—Austin 2013, pet. ref'd) ("[U]se of a judgment nunc pro tunc permits the court to correct now what the record reflects had already occurred at a time in the past.") (quoting *Smith v. State,* 15 S.W.3d 294, 298 (Tex. App.—Dallas 2000, no pet.)). A judgment nunc pro tunc must be supported by "clear and convincing evidence" that the court's original judgment was not accurately recorded. *In re Cherry*, 258 S.W.3d 328, 334 (Tex. App.—Austin 2008, orig. proceeding); *In re*

*Laws*, No. 01-13-00442-CR, 2013 WL 4082233, at \*1 (Tex. App.—Houston [1st Dist.] Aug. 13, 2013, orig. proceeding) (mem. op., not designated for publication). There was no such evidence here. Only supposition that the former trial court intended to grant judicial clemency.

Olsen argues that the Termination Order in the hindering case is "compelling circumstantial proof" establishing that the trial court intended to check the first box and grant clemency for the theft charge. According to Olsen, it would be "pointless to grant judicial clemency in one case and not the other because the result would be a criminal conviction in Olsen's record with all its attendant disabilities." He concedes, however, that "a judge's authority to grant judicial clemency is discretionary."[9] As he argued during the hearing on his motion, a defendant "who completes all terms of community supervision must be discharged, but to set aside is the discretion of the court."

We find Olsen's argument persuasive to the extent he argues that one of the boxes in the Termination Order for the theft case should have been checked. The remainder of his argument, however, is unavailing. Article 4212, section 20 of the Code of Criminal Procedure, which has since been repealed and recodified in Article 42A.701 of the Code of Criminal Procedure, provided at the time that:

---

[9] *See generally Dickson v. State*, 988 S.W.2d 261, 264 (Tex. App.—Texarkana 1998, pet. ref'd) (holding trial court's failure to make discretionary finding regarding deadly weapon finding was judicial omission and thus not clerical error).

15

Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and *shall* discharge the defendant. If the judge discharges the defendant under this section, the judge *may* set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty[.]

FORMER TEX. CODE CRIM. PRO. art. 42.12 § 20(a) (current version at TEX. CODE CRIM. PRO. art. 42A.701) (emphasis added). The court was thus required under the 1996 statute to discharge Olsen when it signed the Termination Order in the theft case. But the relief Olsen now seeks was discretionary. Indeed, the governing statute reflects the discretionary nature of the trial court's ability to confer judicial clemency when it states that the trial court "*may* set aside the verdict or permit the defendant to withdraw his plea . . . ." *See* FORMER TEX. CODE CRIM. PROC. art. 42.12, § 20 (emphasis added); *see also* TEX. GOV'T CODE § 311.016(1) ("'May' creates discretionary authority or grants permission or a power.").

No evidence was proffered establishing what the court intended to do in 1996 with respect to judicial clemency in the theft case. Nor was there evidence of a discrepancy in the entry of the judgment in the record concerning clemency and the judgment that was actually rendered. The only evidence Olsen proffered was the Termination Orders entered in both cases. Comparing the two orders, Olsen

16

argued that the Termination Order in the hindering case was "compelling circumstantial proof" of what the trial court intended to do in the theft case. But "compelling circumstantial" evidence is not the required "clear and convincing evidence" standard courts use to establish whether a clerical error was made. *See In re Cherry*, 258 S.W.3d. at 334; *In re Laws*, 2013 WL 4082233, at *1.

In the absence of evidence establishing the error was clerical, the trial court lacked authority to render a judgment nunc pro tunc indicating the trial court intended to grant judicial clemency to Olsen in the theft case in 1996. *See generally Collins*, 240 S.W.3d at 928. We further note that while a nunc pro tunc judgment may correct a clerical error in a judgment, it may not be used to correct a judicial omission. *Dewalt*, 417 S.W.3d at 690 (citing *Poe*, 751 S.W.2d at 876); *see also Smith v. State*, 15 S.W.3d 294, 299 (Tex. App.—Dallas 2000, no pet.) ("A judgment nunc pro tunc may correct only clerical errors in a judgment, not judicial omissions or [judicial] errors."). Nor can it be used to change the record to reflect what the trial court believes should have happened in the original proceeding. *Collins*, 240 S.W.3d at 928 (citing *Ex parte Dopps*, 723 S.W.2d at 671).

*Collins* is instructive. The case arose from the trial court's issuance of a nunc pro tunc judgment in favor of Collins with respect to credit for time served in a prison sentence. Collins pled guilty to a second-degree felony of possession of methamphetamine. *Id.* at 926. He was sentenced to five years' confinement with

17

thirty-four days of pre-sentence jail time. *Id.* Collins did not move for a new trial or appeal his conviction. *Id.* However, after the trial court's plenary power expired, Collins filed a motion for judgment nunc pro tunc, which the trial court granted, giving him an additional 271 days of credit for pre-sentence jail time. *Id.* at 927. The court of appeals vacated the nunc pro tunc judgment and reinstated the original judgment. *Id.* at 926. The Court of Criminal Appeals affirmed, holding there was no clerical error, given that the original written judgment "perfectly match[ed]" the judgment pronounced in the trial court. *Id.* at 928. The court concluded that the trial court judge "exercised judicial reasoning when he chose to accept the recommendation of the State and allow the terms of the plea bargain to control, and he entered judgment in accordance with these terms." *Id.* Thus, the court held, a judgment nunc pro tunc was not the proper remedy for the failure to award additional pre-sentence time under those circumstances. *Id.*

Similarly, here, any decision by the former trial court to confer judicial clemency, which was not required by the 1996 statute, necessarily involved judicial reasoning and discretion. The current trial judge therefore lacked authority to amend the 1996 Termination Order to grant clemency via a judgment nunc pro tunc.

Because the 1996 version of article 42.12, section 20(a) of the Code of Criminal Procedure required the trial court to discharge Olsen when it signed the

18

Termination Order, but not to confer judicial clemency, and there is no evidence that the trial court intended to confer clemency for the theft charge, we hold the Judgment Nunc Pro Tunc is void.

We sustain the State's first issue.

## Conclusion

We deny the State's Petition for Writ of Mandamus because the State has adequate remedy by appeal. On the State's direct appeal, we reverse the trial court's order granting Olsen's Motion for Judgment Nunc Pro Tunc, and we vacate the trial court's Nunc Pro Tunc Judgment dated February 6, 2025 as void.


Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).